## FLEWELLEN *v.* FLEWELLEN.

The awarding of a nonsuit is erroneous when the evidence for the plaintiff au-
thorizes a finding that he has proved his case as laid.

Argued November 14,—Decided December 13, 1901.

Certiorari.　Before Judge Reagan.　Monroe superior court.
March 7, 1901.

*Persons & Persons,* for plaintiff.

| 114 | 403 |
|---|---|
| Case 2 | |
| 114 | 638 |
| f114 | 763 |
| 114 | 892 |

| 114 | 403 |
|---|---|
| Case 2 | |
| 115 | 521 |
| 115 | 841 |

| 114 | 403 |
|---|---|
| Case 2 | |
| 116 | 882 |
| 116 | 898 |
| 116 | 942 |

| 114 | 403 |
|---|---|
| Case 2 | |
| 125 | 490 |

FISH, J.　The record in this case shows that Henry Flewellen
sought, as a laborer, to foreclose liens, in the city court of Forsyth,
against Ed. Flewellen and certain described property of the latter;
that upon the trial of the issues raised by defendant's counter-affi-
davit the plaintiff testified, in detail, to the truth of every averment
in his affidavit; that at the conclusion of plaintiff's testimony, and
in the absence of any demurrer to his affidavit, the court, on its
own motion, awarded a nonsuit, upon the ground "that plaintiff
had not made out such a case, either by his pleadings or his evi-
dence, as would authorize the issuance of a laborer's lien under
the statute;" that the plaintiff excepted to this ruling by certiorari
to the superior court; and that the certiorari was there overruled.
Error is assigned in the bill of exceptions upon the overruling of
the certiorari.　The only question necessary to be decided is con-
trolled by the unanimous ruling made by this court in *Reeves* v.
*Jackson,* 113 *Ga.* 182 (which was followed in *Strouse* v. *Kelly,* Ib.
575), where it was held: "A motion to nonsuit presents the single

question whether or not the evidence introduced in behalf of the plaintiff, assuming it to be true, proves his case as laid." Of course the judge of the city court was not authorized, on his own motion, to award a nonsuit in a case where he could not have legally done so had the defendant moved for one. Whether the averments in the plaintiff's affidavit were sufficient to show that, under the statute, he was entitled to laborer's liens, and was properly proceeding to foreclose them, could not be determined on a motion to nonsuit; for, as Judge Bleckley remarked in *Anderson* v. *Pollard, 62 Ga.* 51, "such a motion is aimed at the evidence as compared with what the declaration is; not at the declaration as compared with what it ought to be." In each of the cases cited supra from 113 *Ga.*, it was apparent that the judge, in sustaining the motion to nonsuit, based his ruling upon the idea that under the facts alleged and proved by the plaintiff he did not have a cause of action; and this court reversed such ruling, holding in effect that even if no cause of action was, as matter of law, set forth in the petition, the court erred in refusing to allow the case to go to the jury. In other words, the trial judge undertook to give the defendant the benefit of a contention not made, which might have been well taken if properly presented for determination; and this court, without conceding the merits of such contention, held that it was improper for the judge to turn the plaintiff out of court on a ground which, however meritorious in the abstract, was not relied on by the defense, or in any manner raised. See, in this connection, *Roberts* v. *Keeler,* 111 *Ga.* 181 (6); *Phillips* v. *So. Ry. Co.*, 112 *Ga.* 197 (3); *Eaves* v. *State*, 113 *Ga.* 749 (6); *Bray* v. *Chatta., R. & S. R. Co.*, Id. 308; Civil Code, § 5049. In the present case the uncontradicted testimony of the plaintiff showed that every averment in his affidavit for foreclosure was true. Manifestly, therefore, the judge of the city court should not have awarded a nonsuit. The certiorari should have been sustained, and the judge of the superior court erred in overruling the same.

*Judgment reversed. All the Justices concurring.*

LITTLE, J., concurring specially. I concur in the judgment rendered, because, in my opinion, the plaintiff was entitled, under the allegations he made, to a laborer's lien, and had a right to foreclose it. I do so without sanctioning, without limitation, the correctness of the reasoning in the case, and the principles announced.