## BARGE v. ROBINSON.

Under the ruling in *DeBarry-Baya Merchants' Line* v. *Austin*, 76 *Ga.* 306, "there must be some legal assignment of error on what transpired at the trial term, in order to bring up and assign error upon exceptions pendente lite filed at a previous term."

Submitted March 1,—Decided March 31, 1902.

Motion to dismiss the writ of error.

Cited by counsel: 76 *Ga.* 306; 79 *Ga.* 164; 87 *Ga.* 648; 102 *Ga.* 191, 199; 54 *Ga.* 561; Civil Code, § 5526.

*J. J. Barge* and *L. S. Roan*, for plaintiff in error.

*J. F. Golightly*, contra.

SIMMONS, C. J.   An equitable petition was brought in the superior court of Campbell county, by Robinson against Barge, a resident of Fulton county, and Jackson, a resident of Campbell county.   At the appearance term Barge demurred to the petition, on the grounds that it showed that he was a resident of Fulton county, that there was no substantial relief prayed against Jackson, and that the court was, therefore, without jurisdiction as to him.   The demurrer was overruled, and Barge excepted pendente lite.   At the trial term the case came on to be heard, and at the conclusion of the plaintiff's evidence Barge moved the court to grant a nonsuit on the ground that the petition showed that he resided in Fulton county and that the court had no jurisdiction to try the case as against him.   This motion the court overruled, and the case proceeded to verdict and decree against the defendants.   Thereupon Barge filed a bill of exceptions, assigning error on the refusal to grant a nonsuit, and also on his exceptions pendente lite to the overruling of his demurrer. The trial judge did not certify any of the evidence introduced on the trial, but stated in his certificate that "the identical question made by the demurrer was made by the motion to nonsuit, and a decision on the exceptions pendente lite will decide the case." When the case was called here, the defendant in error moved to dismiss the writ of error, on the ground that there was no legal assignment of error on any ruling made on the final trial, and that the exceptions pendente lite could not be considered, as there was nothing to which they could attach.   Upon examination we find that the only exception to any ruling made at the trial term was to

the refusal of the judge to grant a nonsuit on the ground that the petition showed that the movant did not reside in the county and that the court was without jurisdiction over him. This contention, if sound, was a ground of demurrer to the petition, and not of a motion for a nonsuit. The office of a motion for nonsuit is to test the sufficiency of the plaintiff's evidence to support his petition. The insufficiency of the petition is no ground for a nonsuit, and there can be no legal assignment of error on the refusal to grant a nonsuit on such a ground. There was, therefore, no legal exception to anything which transpired at the final trial, and without such exception there can be, under the ruling in *DeBarry-Baya Merchants' Line* v. *Austin*, 76 *Ga.* 306, no valid assignment of error on the exceptions pendente lite filed at the previous term.

*Writ of error dismissed. All the Justices concurring, except Little and Lewis, JJ., absent.*