## BRILL v. METROPOLITAN SURETY CO.

(Supreme Court, Appellate Term.   December 16, 1908.)

INSURANCE (§ 665*) — BURGLARY INSURANCE — ACTION ON POLICY — EVIDENCE—
WEIGHT.

In an action upon a policy of burglary insurance covering money in a safe and making liability depend upon a forcible entrance into the safe by use of tools or explosives directly thereupon and on the outside thereof, a judgment for plaintiff *held* against the weight of the evidence.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Abe Brill against the Metropolitan Surety Company. From a judgment for plaintiff, defendant appeals.   Reversed, and · new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

David McClure, for appellant.

May & Jacobson, for respondent.

PER CURIAM.   This is an action brought upon a policy of burglary insurance in the sum of $500, issued to plaintiff by defendant for loss by burglary, theft, or larceny of money or property from the safe in plaintiff's premises.   The plaintiff's claim is based upon an alleged burglary on the night of April 25, 1908, in which the sum of $83.28 was abstracted from the safe.   At the close of plaintiff's case, defendant moved to dismiss the complaint upon the ground that no cause of action had been shown, for the reason that the evidence did not bring the case within the provisions of the policy, which were that the defendant should not be liable unless it was shown that an entrance into the safe had been effected by the use of tools and explosives directly thereupon and upon the outside thereof, which motion was denied and exception taken.   This motion was renewed at the end of the defendant's case, and it was also moved upon the further ground that burglary did not come within the terms of the policy, in that there were no marks caused by the force and violence used in making an entrance into the premises, which motion was denied and exception taken.

The policy provided in an attachment thereto as follows:

"Safe or Vault Attachment (Money in Office).   A. For direct loss of the property mentioned in said schedule, occasioned by its felonious abstraction from the safe or safes, vault or vaults described in section 14 of said Schedule, by any person or persons who have made forcible or violent entrance into said safe or safes, vault or vaults, by the use of tools or explosives directly thereupon and on the outside thereof."

The policy further provided that the defendant should not be liable for loss by burglary if there were "no visible marks caused by. the force and violence used in making an entrance or exit."

The facts are substantially as follows:   The plaintiff was in the business of manufacturing shirt waists at Nos. 18 and 20 West Twen-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ty-First street, in the borough of Manhattan, city of New York. In the premises occupied by him was an office in which there was a safe. This safe had two doors, outer door, which locked by combination, and an inner door, by lock and key. The combination appears to have been known only to the plaintiff and his bookkeeper. There were only two keys to the inner door to the safe, one of which was in the possession of the plaintiff and the other in the possession of the bookkeeper. At 4:30 o'clock on Saturday afternoon, April 25, 1908, the bookkeeper of the plaintiff placed $83.28 in a tin cash box, and locked the cash box, and placed it in the inner part of the safe. She then locked the inner part of the safe with a key, and locked the outer door by turning the combination, so that the safe was entirely locked. She closed the door of the office, and went home. When the porter left the office somewhat later, the safe was in the same condition as it was when the bookkeeper left. The bookkeeper arrived at about 8 o'clock on Monday morning, and she was the first one to enter the office. She discovered that, although the outer door of the safe was closed, the handles were turned. She opened it, finding the door unlocked. She then discovered that the handle of the inner door was turned, and, although closed, was unlocked, and a strange false key was inserted in the lock of the inner door. This key had never been seen by either the plaintiff or his bookkeeper before. The two proper keys of the safe and this strange key were offered in evidence, and it could be seen that the third key, which was false, was larger than the other two. On opening the inner door, she found that the cash box had been broken open, and that $83.28 had been stolen therefrom. In the back of the office is a toilet and window, leading into the airshaft of the building, so that an entrance could have been made to the building. There were scratches on the outside of the safe, although the witnesses could not state that they had been made in the forcible entrance to the safe. Plaintiff claims, therefore, that it is sufficiently established that the plaintiff's safe was burglarized, and that some one had made entrance and had used a tool because the false key was found in the inner door of the safe.

But there were no visible marks caused by the force and violence used in making an entrance or exit, as required by the policy; while the evidence tending in any degree to show the "use of tools or explosives directly upon the safe and on the outside thereof," as provided in the policy, is extremely meager, to say the least, since the plaintiff cannot say whether or not the scratches on the safe are traceable to the use of tools or explosives upon the safe. On the contrary, it would seem reasonable to infer from the evidence that the burglar had found a memorandum of the combination lock, which seems to have been pasted on the front of plaintiff's desk and accessible to one looking for such memorandum.

The judgment is against the weight of evidence and a new trial should be allowed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.