ROBERT O. GRAYSON, APPELLEE, V. MARYLAND CASUALITY
COMPANY, APPELLANT.

FILED NOVEMBER 17, 1916.  No. 19038.

Insurance: VERDICT: SUFFICIENCY OF EVIDENCE.  Evidence examined,
and *held* insufficient to sustain the verdict.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Montgomery, Hall & Young,* for appellant.

*F. A. Mulfinger* and *Robert J. Webb, contra.*

LETTON, J.

Action to recover on policy of burglary insurance.
Plaintiff recovered, defendant appeals.

The policy was issued to one Rogers, a liquor dealer in
Omaha, and was afterwards assigned by him to plaintiff
when the latter purchased the saloon. The policy is for
$500. It contains the provision that the insurer shall not
be liable "for loss of money    *    *    *    from a combination
fire and burglar-proof safe, or from a burglar-proof safe,
containing an inner steel burglar-proof chest, unless the
same shall have been abstracted from the steel or so-called
burglar-proof chest contained within the safe, after entry
into said chest has been effected by the use of tools or ex-
plosives directly thereupon."

The evidence on the part of the plaintiff is substantially
to the effect that he left his saloon about 7 : 30 p. m. on May
13, 1913. He came back a few minutes before 9. The win-
dow and show case were broken, the room in disorder, and
the window sash raised. He telephoned to the police sta-
tion, and within a few minutes two policemen came. He
afterwards opened the outer door of the safe, put some
money in, but not in the steel inner safe, and locked it. The
next morning he opened the outer door, took the money
out, when he saw that the inner safe had been opened. He

noticed a drill mark and some abrasions on the inner door. There were two fifty-dollar bills in the money chest, and $500 in gold, which was all taken. The combination was the same as when he received the safe from Rogers. On cross-examination he said he noticed no mark on the dial when the insurance adjuster went with him to examine the safe; first saw it a week or ten days afterwards; that the saloon was open when he left, and that his employees were still there; that the closing hour was 8 o'clock. A witness who testified to being an expert locksmith and safe expert, and who examined the same only on the day of the trial, testified to seeing a drill mark on the dial about a thirty-second of an inch deep and one-quarter of an inch wide, and a mark or abrasion just above the dial; that the drill mark had nothing to do with opening the inner door; that in his opinion the knob had been struck with a hide-faced mall so as to bend the shaft or spindle and allow the combination to be manipulated so as to open the door. One of the policemen testified that he could not remember whether he saw any marks on the safe that night. The other was not called. A number of safe experts were called by the defendant, who examined the safe in 1914, and found the drill mark, but no other marks or indications of the use of a hammer. They agreed that the shaft or spindle was not bent; that, if the combination had been turned far enough so as to throw the tumblers, the drill mark on the door could not affect the lock at all. Defendant's adjuster testified that he examined the lock carefully in plaintiff's presence on the morning of June 5, 1913; that he found no marks of any kind on the safe or on the door; that he asked plaintiff if he saw any marks, and he said he did not, and that "they must have found the combination." He then showed plaintiff the clause in the policy that made indemnity payable only when the steel chest had been opened by tools or explosives. He examined the safe again in December, 1914, and found the little drill hole in the dial. Another witness who examined the safe during the trial, and after plaintiff's expert had

examined it, testified there was a glaze finish on the inner door, and that there were no marks upon it other than the drill mark. On rebuttal plaintiff denied saying the safe was opened by the combination.

The evidence is unsatisfactory and it does not sustain the verdict on the point that entry into the inner chest had "been effected by the use of tools directly thereupon." Under the contract this is essential to a recovery.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

SEDGWICK, J., not sitting.