# Robert Wagner, Trading as the United States Meat Market, Appellant, *v.* London Guaranty and Accident Company, Limited.

*Insurance—Burglary insurance—Policy—Terms—Interpretation.*

A burglary insurance policy indemnified the insured against loss obtained in the abstraction of money or valuables from any safe mentioned in the policy, "by entry in the said safe by actual force or violence, of which force or violence there should be visible marks made on the said safe by tools, explosives, electricity or chemicals."

In an action to recover insurance it appeared that the safe, from which the money had been taken, had been moved from its original location in the office, and that the metallic cover of the inner lock was found lying in front of the safe, and that an ornamental knob which had nothing to do with the mechanism of the lock was also detached.

Under such circumstances, judgment non obstante veredicto in favor of the defendant will be affirmed.

There was no evidence to establish an entry into the safe by actual force and violence. The fact that the door stood partly open indicated nothing as to how the entry was made, whether by actual force or violence in which tools, explosives, electricity or chemicals were used. The presence on the floor of the metallic cover and screws which held it in place did not show that the entry was made by force and violence, because they could not have been removed from the inner face of the door until after the entry had been accomplished. All of these facts are consistent with an entry without such force and violence as was contemplated in the policy. The policy being one of limited liability to recover under it, the plaintiff must show that a loss was suffered in the manner and under the circumstances against which he was insured.

Argued October 19, 1925. Appeal No. 167 October T., 1925, by plaintiff, from judgment of C. P. No. 2, Philadelphia County, September T., 1924, No. 680, in the case of Robert Wagner, Trading as the United States Meat Market, v. London Guaranty and Accident Company, Limited. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on policy of burglary insurance. Before GORDON, J.

The facts are stated in the following opinion of the Court below:

The plaintiff was insured by the defendant company under a policy of burglary insurance which covered a safe in his place of business. By the terms of the policy, the defendant obligated itself to pay the amount thereof ($500), "on account of such loss of money, securities and merchandise caused by felonious abstraction of same from the interior of any safe described in Statement 16 as 'fireproof' or as 'burglar proof' by entry into said safe by actual force and violence, of which force and violence there shall be visible marks made on the said safe by tools, explosives, electricity or chemicals."

On the evening of July 3rd, 1924, plaintiff placed five hundred dollars in the safe covered by this policy. When he went to his place of business on the morning of the 5th, he found that the store had been broken into, a screen having been cut out of one of the back windows. Inspection of the premises disclosed that the safe had been moved a distance of about six feet; that the door of the safe was partially open; that on the floor, in front of it, a metallic cover which, when in place, was fastened by screws over the mechanism of the lock on the inner face of the door, and the screws also were lying on the floor. In addition, on the floor nearby was found a knob, which had been unscrewed from one of the hinges of the door which projected beyond the outer walls of the safe. This knob was merely ornamental, and was not connected in any way with the operation of the hinge. The five hundred dollars was missing.

This was all the evidence presented by the plaintiff touching upon the manner in which the safe had been rifled. We are of opinion that none of these facts indicate an entry into the safe by actual force and violence. The fact that the door stood partly open indicates nothing as to how the entry was made, whether by actual force and violence in which tools, explosives, electricity or chemicals were used. The

presence on the floor of the metallic cover and screws which held it in place does not show that the entry was made by force and violence, because they could not have been removed from the inner face of the door until after the entry had been accomplished, and the ornamental knob is of no help in determining how the entry was accomplished. All of these facts are consistent with an entry without such actual force and violence as is contemplated by the policy. This is a limited liability policy, and, to recover under it, the plaintiff must show that his loss was suffered in the manner insured against. It was for these reasons that judgment non obstante veredicto was entered.

Plaintiff appealed.

*Error assigned,* among others, was the decree of the Court.

*Ulysses S. Koons,* for appellant.—A policy of insurance must be construed liberally in favor of the insured and strictly against the company. The facts are sufficient to warrant a judgment on the verdict in favor of the plaintiff: Clum v. Casualty Co., 281 Pa. 464; Krebs v. Phila. Life Ins. Co., 249 Pa. 330; Central Market St. Co. v. North British &c., Ins. Co., 245 Pa. 272; Francis v. Prudential Insurance Co., 243 Pa. 380; Montgomery v. Southern Mutual Insurance Co., 242 Pa. 86; Reynolds v. Maryland Casualty Co., 30 Pa. Super. Ct. 456; Frick v. United Fireman's Ins. Co., 218 Pa. 409; Farner v. Massachusetts &c., Assurance Co., 219 Pa. 71; McKeesport &c v. Ben Franklin Insurance Co., 173 Pa. 53.

*Wm. W. Smithers,* for appellee.—A policy of insurance covers only such injury as has been provided for, and if limitations on the right of reimbursement are

imposed, where loss occurs, compliance with which is necessary before recovery can be had, they are controlling: Weinstein v. Globe Co., 277 Pa. 388; Gorson v. Aetna Co., 283 Pa. 558; Schoenfeld v. Indemnity Co., 76 Sup. Ct. 299; Md. Cas. Co. v. Bank, 107 N. W. Rep. (Neb.) 562; Frankel et al. v. Mass. Bonding & Ins. Co., 177 S. W. (Mo.) 775; Bank v. Cas. Co., 162 Cal. 61.

Per Curiam, December 14, 1925:

The opinion of Judge Gordon, stating the grounds upon which judgment was entered in favor of the defendant notwithstanding the verdict, fully vindicates the conclusion at which he arrived.

The judgment is affirmed.

---

## C. V. Hill & Company *v.* Hazel Marriner and C. A. Sook, Appellant.

*Replevin—Bailment lease—Right to repossess—Parties defendant— Act of April 19, 1901, P. L. 88, Act of June 29, 1923, P. L. 981.*

In an action of replevin, judgment is properly entered in favor of the plaintiff, where the evidence established that the goods in question were leased on a bailment lease, and that there had been a default in the payments thereon.

In such case the fact that the lease was made with one of the defendants and that the goods were in possession of another, will not prevent recovery.

Section 9 of the Act of April 19, 1901, P. L. 88 (Replevin Act) provides that "the cause may proceed against defendants in fact served" and the Act of June 29, 1923, P. L. 981, also provides that when it is averred that two or more defendants are jointly liable for the cause of action specified, and the court shall be of opinion that the evidence justifies recovery against some only, the suit shall not be dismissed as to all, but shall proceed with authority to enter judgment against such as shall be liable.

Argued October 19, 1925. Appeal No. 268 October T., 1925, by defendant, from judgment of C. P. No. 5, Philadelphia County, December T., 1921, No. 723,