Newark Dance Palace, Inc., Respondent, *v.* Maryland Casualty Company, Sued Herein as Maryland Casualty Company of Baltimore, Maryland, Appellant.

Supreme Court, Appellate Term, First Department, November 17, 1925.

Insurance — burglary insurance — action upon policy — policy provided company would not be liable for losses effected by opening of safe by manipulation of lock or key — evidence showed lock properly responded to manipulation after burglary — marks on face of combination dial not evidence of burglary under policy.

Plaintiff is not entitled to recover in an action brought upon a policy of burglary insurance which provided, among other things, that the company would not be liable for losses effected by opening the safe by manipulation of the lock or with a key, where the evidence shows that the combination was in good order after the burglary and that the lock responded to the manipulation of the tumblers in a proper manner. Photographs showing one or two small indentations upon the face of the combination dial of the safe are not sufficient to warrant a finding that the marks were caused by a forcible and violent entry.

Appeal by defendant from a judgment of the Municipal Court, Borough of Manhattan, Ninth District, in favor of plaintiff for the sum of $708, after a trial by a judge and jury.

*James J. Mahoney* [*Francis M. McKeown* of counsel], for the appellant.

*Ralph H. Blum*, for the respondent.

Per Curiam:

This action was brought upon a policy of burglary insurance, and the appeal involves only the question whether there were " conclusive visible marks of forcible and violent entry into the said safe." There was the usual provision that the company shall not be liable for losses effected by opening the safe by the manipulation of the lock or by opening with a key. Photographs were introduced in evidence which showed one or two small indentations upon the face of the combination dial of the safe. It was testified that the combination was in good order after the burglary and the lock responded to the manipulation of the tumblers in the proper manner. Plaintiff did not prove, nor are we acquainted

Appellate Term, First Department, November, 1925.     [Vol. 125

with any mechanical principle which would enable us to say that these marks were caused by a forcible and violent entry into the safe.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.