27029.  CALLAWAY *et al. v.* HALL *et al.*

Decided November 21, 1938.

*James A. Branch, Thomas B. Branch Jr.,* for plaintiffs.
*Sidney Smith, Sidney Smith Jr.,* for defendants.

Guerry, J.    Edward G. Callaway, an employee of the Atlanta Journal, died from injuries received when an elevator, situated in the building owned by his employer, and used by himself and other employees, became detached from the steel cable from which it was suspended, and fell several stories to the basement. Several months before this unfortunate accident, the defendants, who were engaged in the business of installing and repairing elevators in the City of Atlanta, contracted to and did remove the old cable and installed a new one on said elevator.   Without entering into unnecessary detail, the petition charges substantially that in removing the old cable it was necessary for the defendants to remove a certain nut and bolt which secured the elevator to the cable, and that in installing the new cable and replacing the bolt they failed to properly secure the same in the usual and ordinary manner, to wit, by placing therein, in a hole provided for such purpose, a cotter-pin or cotter-key, which would have prevented said nut from gradually working off of the bolt, as it did, and would thus have prevented the cable and elevator from separating.   At the conclusion of the evidence for the plaintiffs the court on motion, entered a nonsuit. We think this was error.   The whole case as presented by the briefs of counsel in this court depends on whether the evidence for the plaintiffs was sufficient to authorize the jury to find that the defendants, in performing its contract to install a new cable on the elevator, did remove the nut and bolt in question, and in replacing the same failed to place a cotter-pin or cotter-key therein.   The defendants take the position that it was necessary that the plaintiffs prove these facts by direct evidence, i. e. (reducing this position to its final result), that some one must have seen the defendants remove the nut and bolt and replace the same without putting a

cotter-pin or cotter-key therein. This position is, we believe, obviously without merit; and we might well insert here the language used by Judge Powell in *Bryant* v. *State,* 8 *Ga. App.* 389 (69 S. E. 121) that, "A point of legal argument may be well taken, or at least plausible, for one of two reasons,—because of its inherent merit, or because it states a proposition which, while not inherently meritorious, has gained standing by reason of its announcement by some court; for courts do sometimes, if not ofttimes, announce propositions that are not inherently sound, and these unsound announcements may become precedents. As the point here presented is palpably without point, inherently considered, and as no decision from this or any other court is cited in support of it, we are led to believe that its only noteworthy characteristic is its novelty." The case of *Ga. Ry. and El. Co.* v. *Harris,* 1 *Ga. App.* 714 (57 S. E. 1076), is not, as applied to this case, authority for such a position.

"Circumstantial evidence is that which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." Code, § 38-102. If the evidence for the plaintiffs, circumstantial though it be, tends to reasonably establish the theory of the case made by the petition, and preponderates to that theory rather than to any other reasonable hypothesis (*Georgia Railway & Electric Co.* v. *Harris,* supra; *Smith* v. *Atlantic Coast-Line R. Co.,* 5 *Ga. App.* 219, 62 S. E. 1020; *Jarrell* v. *Seaboard Air-Line Ry.,* 21 *Ga. App.* 415, 94 S. E. 648; *Southern Ry. Co.* v. *Wessinger,* 32 *Ga. App.* 551, 567, 124 S. E. 100), it was error to enter a nonsuit. *Vickers* v. *Atlanta & W. P. R. Co.,* 64 *Ga.* 307; *Corcoran* v. *Merchants & Miners Transportation Co.,* 1 *Ga. App.* 741 (57 S. E. 962); *Wallace* v. *Southern Ry. Co.,* 10 *Ga. App.* 90 (72 S. E. 606). It appears from the evidence for the plaintiffs that after the accident the nut was found, and its condition indicated (1) that it had worked off of the bolt, and (2) that no cotter-pin had been placed therein. All of the witnesses agreed that if a cotter-pin had been placed in the nut and bolt the nut would not have worked off. The plaintiffs introduced a witness who was familiar with the mechanism of the elevator with reference to its connection with the cable, and who, after describing the same and stating his reasons, gave it as his opinion that in removing the old cable and installing the new one the defendants had to remove the nut and bolt in question. We can not see why this

evidence was not sufficient to withstand a nonsuit. The principal argument of the defendants is that in fact and in truth this was not the proper way to remove the old and install a new cable; and that the proper way, and the one used by defendants, was to remove the old cable and install the new without removing or handling this nut and bolt. However, this is not good argument to sustain the grant of a nonsuit; for there was no evidence that the defendants did not actually remove the bolt and nut, and the evidence introduced by the plaintiffs does not show that the defendants would have performed the work without removing the nut and bolt. It is pointed out with all earnestness that the defendants produced in court an exact model of the elevator, and demonstrated by the above-mentioned witness on cross-examination that the old cable could be removed and the new one installed without removing the nut and bolt. To begin with, it does not appear from the evidence that the model was exactly and in all details similar to the elevator in question; and lastly, the witness, after watching the demonstration of counsel, testified: "Yes, sir, you have removed the cable from the model. No, I was not mistaken. I know how it was. It is quite different from that, and getting a nut that is hard to get off. I still say that it can't be done under the conditions they had to do it under." We think it is clear that the evidence presented an issue for the jury, and that the judge was in error in granting a nonsuit.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*