15431

PROTHRO v. COMMERCIAL CASUALTY INSURANCE COMPANY

(21 S. E. (2d), 1)

October, 1941.

*Mr. James Hugh McFaddin,* of Manning, and *Messrs. McGowan & Shand,* of Columbia, Counsel for Appellant,

*Mr. John G. Dinkins,* of Manning, Counsel for Respondent,

June 19, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE:

By the burglary insurance policy sued upon, the defendant undertook:

"To indemnify the assured for all loss by burglary, which shall mean the felonious abstraction of any of such insured property from within the insured part of such safe or vault, by any person or persons making felonious entry into such safe and such insured part thereof, and also into the vault, if any, containing such safe, when all doors of such safe and vault are duly closed and locked by all combination and time locks thereon: Provided that such entry shall be made by actual force and violence of which there shall be visible marks made by tools, explosives, electricity, gas or other chemicals, upon the exterior of (a) all of said doors of such safe and of the insured part thereof and of the vault, if any, containing such safe, if the entry is made through such doors * * *.

"Exclusions—C. The company shall not be liable for loss or damage * * * (6) effected by opening the door of any vault, safe or chest by use of a key or by the manipulation of any lock."

It is alleged in the complaint that on or about March 31, 1940, the plaintiff's safe which was kept in his place of business was feloniously and forcibly entered within the terms of the policy, and that there was stolen and removed therefrom the sum of $620.52. It is admitted that the policy of insurance was issued by the defendant as insurer, and that at the time of the alleged forcible entry and theft the policy was in full force, and, subject to all of its conditions and limitations, applied to the safe owned by the plaintiff. It is also admitted that the garage of the plaintiff, containing the office in which the safe in question was located, was feloniously entered. The plaintiff filed proof of loss in accordance with the provisions of the policy, and the claim was denied by the defendant.

Upon trial in the lower Court judgment was rendered for the plaintiff. The Circuit Court denied motions made by the defendant for a directed verdict and for a new trial, and from this judgment this appeal is taken.

The evidence is conclusive that the safe was equipped with a combination lock on the outside door. There was no inner burglar proof chest, so that our consideration of the case is confined solely to the outside door. It is not disputed that the safe was duly closed and locked by the combination lock on the night before the alleged burglary was committed. Nor is it denied, as already stated, that the garage building in which the safe was located was feloniously entered.

The defense interposed and relied upon is that the plaintiff failed to establish an essential fact by competent evidence, that is, that the entry into the safe was effected by force and violence, manifested by visible marks made upon the exterior of the door of the safe by tools, explosives, electricity, gas or other chemicals. The appellant contends

that the evidence shows conclusively that entry into the safe was made by manipulation of the combination lock.

Witness for the plaintiff testified that when the safe was first examined, the morning following the alleged burglary, there were on the exterior of the safe door, around the dial, signs of physical force and violence; that equidistant from the combination lock on each side, were two cuts or gashes in the hard steel of the door, about four inches from the dial; that the dial had been pulled or forced "out of round," in consequence of which it would not turn freely because of a tight spot, and that the door could then be opened without the normal use of the combination; that there were abrasions or chipped off places on the dial which were not there before the burglary. The witnesses testifying to these facts were the plaintiff's bookkeeper, the local agent of the defendant insurance company, and the insurance company's adjuster. It was explained that in turning the dial it would come to a tight spot, but that if it was flipped back to that spot four or five times the door would open, and that this tight spot was not evident before the felonious entry; and that the safe before that time could be opened solely by the normal use of the combination lock.

The local agent of the defendant testified that he insured safes and inspected them; that he had been in the insurance business for about ten years; that he inspected the safe in question and insured it; that he inspected it again after the burglary, and that it was not then insurable. Two locksmiths or safe experts gave it as their positive opinion that the safe door had not been entered by any force or violence exerted on the outside of the door or lock.

The trial Judge charged the jury that the plaintiff in order to recover did not have to establish that entry into the safe was obtained exclusively by the use of force. He instructed the jury: "If there was force used and if there is exterior evidence of that force, then the plaintiff can recover, even though that force in itself was not sufficient to get into the safe. If that force made it possible to manipu-

late the combination, and if the combination could not have been manipulated except for the use of force, then the plaintiff can recover."

In overruling the motion for a directed verdict, the Court held that there was some evidence upon which the jury could conclude that the entry into the safe was not effected exclusively through the opening of the safe door by the manipulation of the lock, and stated: "In my opinion if force was applied, and evidence of the use of such force is visible, the fact that something additional needed to be done to effect entry into the safe does not exclude the case from the application of the policy so long as whatever else was done was not in itself sufficient to effect entry."

Marks on the door, including a cut on each side of the dial, abrasions or chipped places on the dial, and the partial dislocation of the dial are among the factors embraced in the testimony offered on behalf of the plaintiff. There is evidence that prior to the alleged burglary, the safe was opened by manipulation in the normal manner of the combination lock; while after the robbery the safe could be opened with only partial manipulation of the dial and the application of force by flipping the dial four or five times, and "bumping" the tight spot. We agree with the construction of the applicable policy provision announced by the lower Court.

The policy properly interpreted must be held to mean that if actual force and violence is used in connection with the opening of a safe, then even though the safe was not opened by such actual force and violence alone, the policy provision applies, provided the actual force and violence were contributing factors to the opening of the safe, and without which the safe could not have been opened.

There is no provision in the policy that the entry shall be made exclusively by force and violence.

In the case of *Komroff v. Maryland Casualty Co.*, 105 Conn., 402, 135 A., 388, 390; 54 A. L. R., 463, relied upon by the appellant, the facts are quite different from the pres-

ent case. In the case cited it appears that an employee of the insured was bound, and at the point of a pistol, commanded to open the safe containing a large number of jewels. The burglar becoming irritated at the slowness of the employee demanded a slip of paper showing the combination to the safe in order that he might open it himself. The combination was thereupon given to him; and while the employee testified that he heard something which sounded like a hammer against the door of the safe, the evidence definitely established that the combination operated in normal manner was used to open the safe. The Court held: "Even if the marks evince an attempt to obtain entry by the use of tools, manifestly such attempt was entirely unsuccessful, and the presence of the marks has no helpful significance, *as might be the case were the actual means and manner of the entry open to question.*" (Emphasis added.)

The case of *Fidelity & D. Co. v. Spokane Interstate Fair Association,* 9 Cir., 8 F. (2d), 224, 44 A. L. R., 468, supports our construction of the policy in question. In that case it was held that where the opening of a safe by the manipulation of a combination lock within the period covered by the policy of burglary insurance was made *possible* by force applied to the safe *before* such period, such an entry was not within the terms of a policy insuring against loss through felonious entry into the safe by actual force and violence occurring *within the policy period.* The policy in question contained an exemption, as in the case before us, from liability for loss effected by opening a safe by manipulation of the lock. From a consideration of the foregoing case we think that if both force and manipulation of the lock had combined to open the safe during the policy period, the company would then have been held liable.

Likewise, support for our construction of the policy will be indirectly found from the reasoning of the Court in *First National Bank of Monrovia v. Maryland Casualty Co.,* 162 Cal., 61, 121 P., 321, 326, Ann. Cas., 1913C, 1170. The Court there said: "It may, of course, be conceded that the

entry into the safe itself was effected partially by the use of the hammer operating to disarrange the time lock after it had been adjusted by Martin, so that this might be accomplished, and partly by the use of the combination which could be used after the time lock had become ineffective. And, for present purposes, it may be conceded that the entry into the safe was made by the use of tools directly upon the safe. But to make the defendant liable under the provisions of the policy it was incumbent on plaintiff to prove that, not only was entry made into the safe by use of tools, but that tools were used directly upon the *inner chest* itself."

The present case does not involve an inner chest.

In our opinion, the evidence was sufficient to carry the case to the jury, and justified the trial Judge in overruling the motion for directed verdict and the motion for a new trial.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MR. ASSOCIATE JUSTICE STUKES, and CIRCUIT JUDGES PHILIP H. STOLL and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.