## 35683. GRAY *v.* SCHLAPP *et al.*

NICHOLS, J. 1. "When a court passes upon a motion for a nonsuit it decides only one question, that is, do the allegation and the proof correspond? In sustaining such a motion the court does not hold that the plaintiff is not entitled, under the law, to recover on the facts alleged; neither does the overruling of the motion decide that the plaintiff is entitled under the law to recover. The right to recover under the facts alleged is not involved in the decision of such a motion. If a plaintiff 'proves his case as laid,' he is entitled to prevail as against a nonsuit; but it by no means follows from this that he is entitled to recover on the facts 'as laid.'" *Kelly* v. *Strouse,* 116 *Ga.* 872, 883 (43 S. E. 280). See also *Flewellen* v. *Flewellen,* 114 *Ga.* 403 (40 S. E. 301); *Barge* v. *Robinson,* 115 *Ga.* 41 (41 S. E. 258); *McCandless* v. *Conley,* 115 *Ga.* 48 (41 S. E. 256).

2. In the present case the plaintiff presented evidence to support the allegations of the petition; and assuming but not deciding that the allegations made and proved were insufficient to support a verdict in his favor, they nevertheless were sufficient to withstand a motion for nonsuit. Accordingly, the judgment of the trial court granting the motion for nonsuit must be reversed.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

DECIDED JUNE 17, 1955.

*Fulcher, Fulcher & Hagler,* for plaintiff in error.

*Bussey & Hardin, John F. Hardin,* contra.

Charlie M. Wray and Clayson Kelly brought separate actions against Joseph Gray, in the Municipal Court of Augusta, for damages arising out of an automobile collision which occurred on October 23, 1953. Gray vouched into court Walter Schlapp and

W. L. Schafer, trading as Pontiac Master Auto Service; and after judgments were had against Gray and for Wray and Kelly in their separate actions, Gray brought the present action against Schlapp and Schafer, trading as Pontiac Master Auto Service. The following allegations of the petition were admitted: The defendants are residents of Richmond County. They operate an automobile garage and repair shop at Eleventh and Telfair Streets in Augusta, Georgia. On October 13, 1953, the plaintiff took his automobile to the defendants' repair shop and requested them to repair the hydramatic drive, the water heater, and brake pedal on such automobile. The defendants agreed to make such repairs. A copy of the repair order covering this work is attached to the petition and made a part thereof. On October 13, 1953, when the automobile was taken to the defendants' shop for repairs, the pin which prevents the brake arm from slipping out of its position on the brake linkage was absent from its proper position, and there was no pin on the brake arm linkage. The defendants' agent, in examining the brakes on the plaintiff's automobile discovered the absence of such pin from the brake linkage. When this pin is not in its proper position, the brake linkage is likely to work loose, and when this happens the brake pedal becomes useless to stop the car and there are no foot brakes on the car. The defendants' agent knew that, with this pin missing, the brakes on the plaintiff's automobile could not be relied on. The defendants' agent did not insert a pin on the arm and repair the brakes on the plaintiff's automobile. On December 21, 1953, Clayson Kelly and Charlie M. Wray filed separate suits against Gray, and he vouched the defendants here into court in those actions. On March 9, 1954, Kelly and Wray obtained judgments against the plaintiff here in the total sum of $1,346 plus $57.10 as court costs.

The defendants stated they could neither admit nor deny the following allegations of the petition for want of sufficient information: On October 23, 1953, the plaintiff was proceeding south on Eleventh Street, and upon approaching the intersection of Eleventh and Gwinnett Streets the light turned red, and when the plaintiff attempted to apply his foot brakes to stop his car they failed to work, and he entered the intersection and collided with an automobile being operated and owned by Clayson Kelly and

an automobile being operated and owned by Charlie M. Wray. The plaintiff has paid in full the executions obtained against him by Clayson Kelly and Charlie M. Wray.

The following allegations of the petition were denied by the defendants: On October 13, 1953, at approximately 5 o'clock p. m., the plaintiff returned to the place of business of the defendants, and was advised by an agent of the defendants that the repairs on his automobile had been completed, but they could not find anything wrong with the heater. On this day the defendants' agent did not inform him of the condition of his brakes, namely, the absence of the pin from the foot brake. The proximate cause of the collision was the failure of the operation of the foot brakes on the plaintiff's automobile. The failure of the brakes was proximately and directly caused by the defendants' breach of their contract with the plaintiff; and if the pin had been placed in the arm of the brakes, the linkage would not have worked loose and the brakes would not have failed.

In further plea and answer, the defendants answered as follows: They advised the plaintiff that the pin had not been placed in the arm of the brakes, and that it could not be placed there unless a handicap brake which was on the automobile was removed; and that the plaintiff did not give them permission to remove the handicap brake.

The plaintiff later amended his petition by adding the following paragraph which was not answered by the defendants: "The aforesaid acts of the defendants were the sole proximate cause of the collision, and the plaintiff was free of negligence in the premises."

On the trial of the case exhibits were introduced showing that the judgments obtained against the plaintiff by Kelly and Wray were paid in full. The plaintiff testified that the first time he knew that the foot-brake pedal was off the car was when he started to apply his brakes just before the accident at Eleventh and Gwinnett Streets when the traffic control light turned red. On October 13, 1953, after he had carried his automobile to the repair shop of the defendants and returned for it around 5:30 p. m., they advised him that his car was ready, and that they had fixed the hydramatic, brake, and the tank, and that they couldn't find anything wrong with the heater. Ten days later, when he

was traveling out Eleventh Street and when he passed the Pontiac place, he had good brakes, but when he neared the intersection of Eleventh and Gwinnett Streets he noticed the light was red and started to apply his brake, but the brake pedal was lying on the floor, and he was therefore without foot brakes. He depended on his foot brakes, and at the time of the collision he didn't think to use the handicap brake. After the wreck, Maddox Paint and Body Shop took his automobile to its place of business, and the next day when the plaintiff went by there a mechanic showed him that the pin that held the brake on the shaft was missing, and its absence was the reason the brake pedal was lying on the floor. The mechanic put the pedal back in place and installed the pin to hold it in place. This was the only work done on the brakes of the car since he left it with the defendants on October 13, 1953. Other witnesses testified that this pin was missing after the wreck, that the handicap brake system on the car did not interfere with the foot brake in any way, and that the pin could be installed without touching the handicap brake. The mechanic who installed the pin after the collision testified that he installed the pin, but did not do any other work on the car; that, if the pin was not installed, there would be a chance that the brake pedal would slip out of position, and that if it did slip out of position, the foot brake would not operate. The location of the handicap brake did not interfere with the operation or installation of the foot-brake pedal. The pleadings in the former actions against Gray were introduced in evidence by him. These pleadings charged Gray with the following acts of negligence as being the proximate cause of the collision: 1. In crossing the intersection on the red traffic light in violation of section 3(a) of article III of the Traffic Code of the City Council of Augusta (quoted). 2. In operating said automobile at a greater rate of speed than was reasonably safe in violation of Code § 68-301. 3. In failing to have his automobile under control in order that he might have stopped in time to avoid the collision. 4. In failing to yield the right of way to the plaintiff. 5. In failing to apply the brakes on the car he was driving sufficiently soon to avoid the collision.

At the conclusion of the plaintiff's evidence, the defendants' motion for a nonsuit was granted, and to this judgment the plaintiff excepted.