Argued April 3, reversed and remanded September 6, 1957

INGLIS ET UX *v.* GENERAL CASUALTY
COMPANY

316 P. 2d 546

*John L. Schwabe,* Portland, argued the cause for

appellant. With him on the briefs were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

*Alan F. Davis,* Portland, argued the cause for respondent. On the brief were Benson & Davis, Portland.

Before PERRY, Chief Justice, and ROSSMAN, BRAND and McALLISTER, Justices.

PERRY, C. J.

The plaintiffs, as partners doing business under the assumed name of "Inglis Vocational Bakers," operated a cooking school on Swan Island in Portland, Oregon. On September 9, 1953, the sum of $424 was taken from the plaintiffs' locked safe by person or persons unknown. At the time of this loss there was in effect a policy of burglary insurance issued by the defendant which provided in part as follows:

"III. Safe Burglary. To indemnify the insured (if insurance is provided under Insuring Agreement III of item 6 (schedule of coverage) of the declarations but not otherwise):

"(a) For all loss of such property occasioned by SAFE BURGLARY which shall mean the felonious abstraction of such property from within a safe or vault in such premises, or while located elsewhere after removal therefrom by burglars, by any person or persons making felonious entry into the safe and also into the vault, if any, containing the safe, when the doors thereof are duly closed, and locked by at least one combination or time lock thereon; *provided that such entry shall be made by actual force and violence of which there shall be visible marks made by tools, explosives, electricity, gas or other chemicals, upon the exterior of (a) said doors of the safe and of the vault, if any, containing the safe, if entry is made through such doors, or (b) the top, bottom or walls of the*

*safe and of the vault, through which entry is made, if not made through such doors;"* (Italics ours.)

The defendant denied liability under the terms of the policy, and as a result of this action, brought by plaintiffs to recover thereunder, the plaintiffs recovered judgment and the defendant has appealed.

The defendant contends that the trial court erred in failing to sustain its motion for a nonsuit.

There is no question but that the safe was burglarized. The question thus presented is whether or not the plaintiffs' evidence brings the burglarization of the safe within the insuring terms of the defendant's policy so as to create liability according to its terms.

Mr. Justice LUSK, speaking for the court in *Term. News Stands, Inc. v. General Cas. Co.,* 203 Or 54, 58, 278 P2d 158, stated:

"* * * It is not any and every burglary which constitutes a basis for liability, but only burglary as defined in the contract. * * *"

■ The language of this contract is not unclear or ambiguous and consequently does not require construction. It, therefore, is to be given effect in accordance with the ordinary and generally accepted meaning of its words. *Term. News Stands, Inc. v. General Cas. Co.,* supra, and cases cited therein.

■ This is not a policy which insures against mysterious disappearances, nor does it cover manual operation of the safe's combination in the absence of visible evidence of the use of force thereon. It establishes liability under the insuring clause of the contract only for loss of property extracted from a safe (1) which has been duly locked by use of a combination or time lock, (2) has been entered by force and violence, and (3) as a result of the force and violence there is visible

evidence, upon the exterior doors or outer walls of the safe, of that force and violence which either effected the entry or contributed to effecting the entry. *Term. News Stands, Inc. v. General Cas. Co.,* supra; *First Nat. Bank v. Maryland Cas. Co.,* 162 Cal 61, 121 P 321; *Komroff v. Maryland Casualty Co.,* 105 Conn 402, 135 A 388; *Bridge v. Massachusetts Bonding & Insurance Co.,* 302 Ill App 1, 23 NE2d 367; *Grayson v. Maryland Casualty Co. of Baltimore,* 100 Neb 354, 160 NW 85; *Brill v. Metropolitan Surety Co.,* 113 NYS 476; *Globe Indemnity Co. v. Heyman,* 157 Okl 8, 10 P2d 257; *Prothro v. Commercial Cas. Ins. Co.,* 200 SC 432; 21 SE2d 1; *National Surety Co. v. Volk Bros. Co.,* 125 Tex 398, 82 SW2d 622.

While there is no question but that the safe was opened and the money stolen, the evidence offered by the plaintiffs shows only that there were scratches upon the outer surface of the door of the safe when the safe was found open, which were not present at the time the money was placed in the safe and it was closed and locked by plaintiffs. There is no evidence that these scratches contributed in any manner to the opening of the safe, but, quite to the contrary, Mr. Ralph Catchpole, a safe expert called by the plaintiffs, stated:

> "Those marks to my knowledge could not have any bearing on the opening of the safe."

The plaintiffs' evidence also shows that by inserting a rod through a hole in the cabinet (which is attached to but above the safe) a nut holding the locking arms may be loosened to such an extent as to permit opening of the safe. There is evidence, also, that this nut, which is inside the safe, had fresh scratch marks upon it when the safe was discovered open. However, as

before stated, markings showing force and violence within the safe are not included within the terms of the insuring clause of the policy, but only those which appear upon the exterior. The defendant's evidence in nowise aids the plaintiffs' case.

The cause is reversed and remanded with instructions to set aside the judgment entered and sustain the defendant's motion for a nonsuit.