39314. BENTON v. OWENS.
39315. CHASE v. OWENS.

DECIDED FEBRUARY 23, 1962.

*Lipshutz, Macey, Zussman & Sikes, John M. Sikes, Jr., John C. Bracy*, for plaintiffs in error.

*Clyde W. Henley, James K. Rankin*, contra.

HALL, Judge. The rule is that, if the plaintiff fails to make out a prima facie case, a nonsuit will be granted. *Code* § 110-310. "When a court passes upon a motion for a nonsuit it decides only one question, that is, do the allegations and the proof correspond? . . . If a plaintiff 'proves his case as laid,' he is entitled to prevail as against a nonsuit. . ." *McCoy Grocery Co. v. Travelers Indem. Co.*, 101 Ga. App. 638 (1) (114 SE2d 924). If "the plaintiff proves every fact charged, but, on cross-examination or otherwise, disproves his right

to recover, by establishing the existence of other undisputed defensive facts which show that he is not entitled to a verdict, then a nonsuit should be granted." *Lewis v. Bowen,* 208 Ga. 671, 672 (68 SE2d 900). "On a motion for nonsuit the evidence and all legitimate inferences therefrom should be construed in favor of upholding the action." *Cadranel v. Wildwood Const. Co.,* 101 Ga. App. 630 (2) (115 SE2d 415).

There is no dispute as to whether the plaintiff proved his case as laid. The defendant contends that the plaintiff's evidence went further and disclosed other facts showing that he is barred from recovery by the law set forth in *Code Ann.* § 68-901 et seq. That law, Ga. L. 1937, p. 735, requires "Every dealer in used, or second-hand, motor vehicles, who is a non-resident of the State of Georgia or who has no permanent place of business in the State of Georgia, *and every person, firm or corporation* who may bring any used or second-hand motor vehicle into the State of Georgia for the purpose of selling or reselling, except as a trade-in on a new motor vehicle or another used car," to register such motor vehicle, and to execute a surety bond to be filed with the State Revenue Commissioner, before offering it for sale. (Emphasis supplied). "Used or second-hand car" is defined by the statute to include ". . . any car, truck, motorcycle or other motor vehicle that has been used, or is second-hand, and shall also include any car that has been sold by any franchised dealer to anyone other than a franchised dealer for that make of car."

Section 4 of the above act provides: "No action or right of action to recover any such motor vehicle or any part of the sale price thereof shall be maintained in the courts of this State by any such dealer or vendor, his successors or assigns, in any case wherein such vendor or dealer shall have failed to comply with the terms and provisions of this Act."

Any person who brings any used vehicle into the State for the purpose of sale or resale, except for trade-in, must comply with the statute. The character of the vehicle as "used or second-hand" is determined at the time the vehicle enters the State. Thus, unless the vehicle has been used, or is second-hand, or has been sold by a franchised dealer to someone other than a fran-

chised dealer for that make of car, before it enters Georgia, the statute does not apply.

The plaintiff's evidence did not establish that the cars when brought into the State were used or second-hand. The evidence did not show whether or not the plaintiff was a franchised Cadillac dealer. The plaintiff testified that he purchased some of the cars from the Cadillac Motor Division in Detroit; there was no proof that it was a franchised dealer. As to the other cars, the evidence does not show whether or not plaintiff's vendors were franchised Cadillac dealers. Neither did this evidence show that at the time the cars were brought into the State for the purpose of sale or resale they had already been "sold by any franchised dealer to anyone other than a franchised dealer for that make of car."

The defendant relies on *Cline v. Crane,* 90 Ga. App. 192 (82 SE2d 175) to support the nonsuit against plaintiff. That case upheld the sustaining of a general demurrer to the petition of a real estate broker to recover damages for breach of an alleged contract for commissions, when the petition failed to allege that the broker had fully complied with the license laws. The allegations of that petition showed that the plaintiff's services, for which he was suing to recover compensation, were services that the law prescribed could not be performed without a license. In the present case, as pointed out above, the evidence does not show that the cars brought into the State by plaintiff were of the class that is regulated by the statute.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*