## 45348. MARSHALL v. UNIVERSAL CIT CREDIT CORPORATION.

EBERHARDT, Judge. Mrs. Marshall, a resident of Alabama, brought a used automobile into Georgia and left it with an agent in Tucker who agreed to sell it for her. The agent negotiated a sale of the car to Sunshine Ford Sales, Inc., and obtained from it a check payable to Mrs. Marshall for $2,300, which he sent on to her. Sunshine Ford sold the car to the wife of its president, Mrs. Marvin D. Smith, who executed to Sunshine Ford a conditional sale agreement which was by it transferred and assigned to Universal CIT for the sum of $2,000.

Mrs. Marshall deposited the check of Sunshine Ford, but it was dishonored, and she called its president, Mr. Smith, who asked her to redeposit it, assuring her that it would be good. She re-deposited it, but the check was again dishonored, and Sunshine Ford went into bankruptcy.

Mrs. Smith defaulted in paying the instalments on the contract held by Universal CIT and it repossessed the car, and Mrs. Marshall now seeks to recover it in trover.

It was conceded that Mrs. Marshall did not comply with the provisions of *Code Ann.* § 68-901 et seq., and the trial judge, proceeding by agreement of counsel upon a stipulation of the facts without a jury, rendered judgment for the defendant, and plaintiff appeals. *Held:*

It appears that title under the provisions of *Code Ann.* §§ 109A-2—401 and 109A-2—403, passed when Mrs. Marshall's agent delivered the car to Sunshine Ford, and thus her proceeding in trover must fail, since this occurred prior to the institution of the action. *Hall v. Simmons,* 125 Ga. 801 (2) (54 SE 751); *Charles S. Martin Distributing Co. v. Banks,* 111 Ga. App. 538 (2) (142 SE2d 309).

2. But if this were not so, a judgment for the defendant was demanded when it appeared that Mrs. Marshall did not comply with the provisions of *Code Ann.* §§ 68-901 et seq. (Ga. L. 1937, p. 735 et seq.) by registering the car with the State Revenue Commissioner and posting bond before offering it for sale.[1] Cf. *Benton v. Owens,* 105 Ga. App. 389 (124 SE2d 756). The provisions of Ch. 68-9 are mandatory, and this is made certain by the deprivation of any right of the seller or his assigns to recover the car or the sale price, or any part thereof when there has been failure to comply.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED MAY 5, 1970—DECIDED MAY 13, 1970.

*E. Louis Adams,* for appellant.
*Lee & Hitchcock, Sara L. Hitchcock,* for appellee.

[1]No attack on constitutional grounds of unreasonable burdens in interstate commerce, due process, equal protection, or the denial of free access to the courts (see Ga. Const. Art. I, Sec. I, Pars. IV and XXV (*Code Ann.* §§ 2-104, 2-125); and *Code* §§ 79-301, 79-305); cf. *Atlantic C. L. R. Co. v. Wiggins,* 77 Ga. App. 756 (49 SE2d 909); *Traders Ins. Co. v. Mann,* 118 Ga. 381 (6) (45 SE 426); *Ga. R. & Bkg. Co. v. Gardner,* 118 Ga. 723, 726 (45 SE 600)) was made on the Act of 1937, and, of course, if there had been, jurisdiction of this appeal would have been in the Supreme Court.