MARYLAND CASUALTY COMPANY V. BANK OF MURDOCK.

FILED APRIL 5, 1906. No. 14,204.

1. **Appearance.** A written offer to confess judgment in favor of the plaintiff, filed by the defendant in an action to recover money, is a general appearance which will give the court jurisdiction over the person of the defendant.

2. **Evidence** examined, and *held* sufficient to justify the trial court in submitting the case to the jury.

ERROR to the district court for Cass county: PAUL JESSEN, JUDGE. *Affirmed.*

*Montgomery & Hall,* for plaintiff in error.

*C. S. Polk, contra.*

EPPERSON, C.

This was an action instituted by the defendant in error, hereafter called plaintiff, against the plaintiff in error,

hereafter called defendant, in the district court for Cass county upon a contract of indemnity or policy of insurance against burglary. The process which the plaintiff relied on was a summons served on the auditor of public accounts. A special appearance was filed by the defendant, which was overruled, and the same objectionable service was alleged in the answer. However, prior to the filing of the answer, the defendant filed a written offer to confess judgment for $25.

The first question for our consideration is whether or not the offer to confess judgment was a general appearance or a submission to the jurisdiction of the court. The offer was filed for the purpose of saving costs to the defendant in the event that the final adjudication would result in the recovery of no greater sum, and for this purpose the defendant thereby invoked the power of the court. The party filing an offer to confess judgment recognizes the authority of the court to render judgment for the amount due on the cause presented. As the defendant thus entered a general appearance we deem it unnecessary to consider the defendant's objections to the process.

By the contract defendant indemnified plaintiff against damages to its bank building or contents by burglars, and also against loss of money abstracted by burglars making entry into a certain safe by the use of tools or explosives directly thereupon. On the night of the 25th of January, 1904, and during the time covered by the contract, burglars entered plaintiff's building, and damaged the same to the extent of $25, and abstracted from the safe described in the contract money amounting to $1,489.30. The defendant acknowledged its liability for the $25 damage committed to the premises, but denied liability for the money stolen, alleging that the safe from which the money was abstracted was not entered by the use of tools or explosives directly thereupon.

The question tried was whether or not the burglars resorted to the use of tools applied directly upon the safe,

The officer in charge of the bank testified that on the evening preceding the night of the burglary he locked the safe by a time lock, and no evidence was given directly to the contrary. It was the uncontradicted evidence that, if the safe had been locked, it could not have been opened, except by the use of tools or explosives. The defendant argues that, as the safe presented no marks or other signs of violence applied thereto, it necessarily results that the safe had not been locked, as the bank officer testified, and therefore no tools or explosives had been used. There was some evidence indicating that it was possible to open the safe in controversy by striking the same with a heavy hammer or other instrument after changing it to a certain position, and this evidence was sufficient, in our opinion, to submit to the jury, and for this reason the court did not err in refusing to instruct the jury to return a verdict for the defendant. We are not called upon to decide this case upon the evidence, for thereby we would usurp the office of the jury. We are only required to ascertain whether or not the proof adduced upon the trial contains sufficient evidence to justify the trial court in submitting the case to the jury; and, believing it sufficient, to be consistent, we must uphold the verdict. It necessarily follows that the court did not err in giving instructions excepted to by defendant in substance, that the only issues of fact for them to try were as follows: First. Was the safe, from which it is alleged the money of the plaintiff was taken by burglars, opened by the use of tools or explosives used directly upon said safe? Second. What amount of money, if any, was taken from the said safe?—and that they must find such facts established by a preponderance of the evidence before the plaintiff may recover; and that, if they find that the safe in controversy was opened by the burglars in any other manner except by the use of tools or explosives used directly thereupon, then they should return their verdict for the defendant. These instructions were proper, and, with others not challenged, fairly submitted the questions in the controversy to the jury.

We therefore recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.