SOLOMON M. ROSENTHAL et al., Respondents, *v.* AMERICAN BONDING COMPANY OF BALTIMORE, Appellant.

Insurance (burglary) — construction of policy — when insurer not liable unless there are visible marks of actual force and violence in entry of premises for commission of burglary.

1. If the parties to a contract adopt a provision which contravenes no principle of public policy and contains no element of ambiguity the courts have no right to relieve one of them from disadvantageous terms, by a process of interpretation. If a policy of insurance is of doubtful tenor the courts should employ that interpretation which is the more exacting against the insurer who has pre-

pared the contract. But if the contract is not of uncertain meaning the courts may not make a new one under the guise of construction.

2. A policy of insurance set forth, first, that the indemnity was granted "For direct loss by burglary of any of the merchandise described in the schedule * * * occasioned by its felonious abstraction from the store, warehouse, office, loft or rooms, * * * occupied by the assured in the manner set forth in the schedule, by any person or persons who have made forcible and violent entrance upon the premises, or exit therefrom, of which force and violence there shall be visible evidence." Another clause provides: "The Company shall not be liable: (1) Unless there are *visible marks upon the premises* of the actual force and violence used in making entry into the said premises or exit therefrom." This action is brought to recover on the policy. The burglary occurred while two of plaintiff's employees were in their place of business, the outer door being unlocked. While they were engaged in their duties two persons, with pistols in their hands, entered by simply opening the door in an ordinary manner, and after assaulting the employees took and carried away a large amount of property. *Held*, that the requirement that the violence and force employed in effecting a burglarious entry into premises must produce "visible marks upon the premises" means that the force and violence in "making entry" must create visible traces upon the premises themselves which survive the act that produces them, and which being seen are evidence of a burglary. Hence this provision is not satisfied under the circumstances of this case and plaintiff cannot recover.

*Rosenthal* v. *American Bonding Co.*, 143 App. Div. 362, reversed.

(Argued December 3, 1912; decided December 31, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1911, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Ewen* for appellant. There was no proof of loss by burglary committed by persons "who have made forcible and violent entrance upon the premises or exit therefrom," or of "actual force and violence used in

making entry into the said premises or exit therefrom."
(*B. & U. P. R. Co.* v. *Robins*, 22 Barb. 662; *People* v.
*Quin*, 50 Barb. 128; *Bradshaw* v. *M. L. Ins. Co.*, 187
N. Y. 347; *Nelson* v. *Traders' Ins. Co.*, 181 N. Y. 472;
*Janneck* v. *Mut. Life Ins. Co.*, 162 N. Y. 574; *George* v.
*G. & G. B. Ins. Assn.*, L. R. [1 Q. B. 1899] 595; *M. C.
Co.* v. *County Bank*, 120 S. W. Rep. 301.)   There was
no proof of "visible evidence" or "visible marks upon
the premises of actual force and violence used in mak-
ing entry into the said premises or exit therefrom."
(*Brill* v. *M. S. Co.*, 147 N. Y. S. R. 476; *Maryland Cas-
ualty Co.* v. *Ballard County Bank*, 120 S. W. Rep. 301;
*First Nat. Bank of Monrovia* v. *Maryland Casualty
Co.*, 121 Pac. Rep. 321.)

*Ernest Hall* for respondents.   The uncontradicted evi-
dence clearly shows that the goods were lost through a
burglary, occasioned by their felonious abstraction from
the warehouse, loft or premises of the respondents, by
persons who had made forcible and violent entrance upon
the premises, of which force and violence there was visi-
ble evidence within the fair meaning of the provisions of
the body or form of the policy.   (Penal Law, § 404; *Peo-
ple* v. *Tickner*, 6 Hun, 657; *McCourt* v. *People*, 64 N. Y.
653; *People* v. *Brush*, 3 Park. Cr. 552; *People* v. *Gartland*,
30 App. Div. 534.)   There were within the true intent
and meaning of the condition of the policy as interpreted
by the courts of this state visible marks upon the prem-
ises of the actual force and violence used in making an
entry into said premises or exit therefrom.   (*Schumacher*
v. *G. E. C. & I. Co.*, 197 N. Y. 58; *Rickerson* v. *H. F.
Ins. Co.*, 149 N. Y. 307; *Preston* v. *Ætna Ins. Co.*, 118
App. Div. 784; *Preston* v. *Union Ins. Co.*, 118 App. Div.
788; *Michall* v. *Prussian Ins. Co.*, 171 N. Y. 25; *Her-
man* v. *Merchants' Ins. Co.*, 81 N. Y. 184; *M. Ins. Co.*
v. *Davenport Co.*, 17 Gratt. 138; *Crane* v. *City Ins. Co.*,
3 Fed. Rep. 558.)

HISCOCK, J. This action was brought to recover under a so-called burglary insurance policy for loss of goods stolen from plaintiffs. Concededly the policy extended insurance upon the goods in question against burglary under certain conditions, and it will only be necessary to give close consideration to two clauses for the purpose of determining whether those conditions have been complied with.

The first of these sets forth that the indemnity was granted " For direct loss by burglary of any of the merchandise described in the schedule * * * occasioned by its felonious abstraction from the store, warehouse, office, loft or rooms, * * * occupied by the assured in the manner set forth in the schedule, by any person or persons who have made forcible and violent entrance upon the premises, or exit therefrom, of which force and violence there shall be visible evidence."

The second clause, found among the so-called " Special Agreements," provides: " The Company shall not be liable: — (1) Unless there are visible marks upon the premises of the actual force and violence used in making entry into the said premises or exit therefrom."

The facts leading up to and constituting the alleged burglary, for which thus far a recovery has been allowed, were as follows: At about 7.30 in the morning two of plaintiffs' employees went to plaintiffs' warehouse or loft for the purpose of opening the same and preparing for the day's business. They unlocked and opened the outer door, and after entering closed the same, but did not lock it, and thus left it so that it could be opened by merely turning the knob. While they were engaged in their duties two persons opened the door with pistols in their hands and after assaulting the employees took and carried away a large amount of silks. It does not appear whether the wrongdoers closed the door behind them as they entered, but they did so close it when they left.

The question, of course, is whether these wrongful acts

constituted a burglary or offense which satisfied the requirements of the policy, and I shall consider them simply in connection with the two provisions which have been quoted.

Taking up the first one, I doubt whether the words "forcible and violent entrance upon the premises, or exit therefrom" were intended merely to define an element in the crime of burglary as it has been defined by the common law and by various statutes, and whether, therefore, their meaning is to be measured by reference to the meaning of such words as "break" and "forcibly break" as these words have been construed in such definitions of this crime, and which construction demanded only a very small degree of force in entering premises. The clause which we have before us first enumerates direct loss by "burglary," a crime fully described by that single word, and it then adds that such burglary must have been committed in a certain way, namely, by a person who has made "forcible and violent" entrance upon the premises or exit therefrom. In thus specifying the particular manner in which the burglary must be committed it seems to me that the language of the policy should receive its ordinary and common meaning, and that in order to constitute burglary under this clause there must be an entrance or an exit upon or from the premises which is accompanied by such acts as would constitute force or violence in the ordinary acceptation of those words, rather than the somewhat technical force or breaking which would satisfy legal definitions. This view, however, is only of importance, if at all, as bearing upon the interpretation of the other clause to which attention has been called, because I shall assume without consideration for the purposes of this discussion, that the wrongdoers did commit burglary and that their entrance upon and exit from the premises was accompanied by force and violence within the meaning of the policy and that there was "visible evidence" thereof.

This brings us to the second provision, and which, as already stated, exempts the defendant from liability in the case of a burglary "unless there are visible marks upon the premises of the actual force and violence used in making entry into said premises or exit therefrom."

The language used in this clause emphasizes the idea already suggested of real rather than technical force in breaking into the premises. When it speaks of the "actual force or violence" used in making entry into or exit from the premises, it employs words whose meaning is not easily satisfied by that somewhat theoretical force which has been held to meet the demands of legal definitions of burglary but which rather requires substantial violence. Frequently, if not generally, the employment of such a degree of force and violence in effecting an entry into premises would leave traces upon the building which had been entered, and proceeding, perhaps, on this theory the clause exacts that that which might be a frequent occurrence shall be an indispensable basis of recovery and formulates the requirement that there must be "visible marks upon the premises" of the force and violence which have been used, thus reaching and prescribing the condition which in my opinion stands as an effective bar to plaintiffs' recovery.

It is hardly claimed that there were left upon the building any visible marks within the ordinary, common meaning of the words which have been quoted. It could not well be claimed that there were such. While in a general sense the entrance and exit of the wrongdoers was accompanied by force and violence, this force and violence were not manifested in the precise act of making an entry into or departure from the premises but rather characterized what was done after the men had entered. All that it was necessary for them to do in entering the premises was to turn the knob and open the door, and when they left this was closed. There was no forcing of locks or doors or any other act which left any mark upon

the premises unless the temporary and ordinary condition of an open door during business hours would constitute such mark, and this is not claimed.   While it might be interesting to speculate on the exact nature of the signs of burglary which would satisfy the ordinary meaning of this clause, it is hardly useful to indulge in this speculation, but it is sufficient to say that in this case no such marks are found.

It is, however, urged that this requirement is of evidentiary facts which might be a protection against fraudulent claims and that there is no necessity for such safeguard in the case of a claim whose merits are supported by ample testimony of another character; that the interpretation urged by appellant would prevent recovery in many meritorious cases, and, therefore, it should be rejected and some other one be adopted which will serve the insured.   Doubtless the justice of the provision would be a subject for debate and disagreement between the parties to the contract.   Quite possibly the interpretation which has been outlined might prevent recovery at times on *bona fide* losses.   On the other hand, quite commonly an entrance into a building for burglarious purposes which was accompanied by "actual force and violence" would not be made during business hours by opening an unlocked door, but would be effected by methods which would leave marks upon the premises which would be quite respectable evidence that a burglary had been committed within the indemnity of the policy.   But these considerations on one side or the other are not before us in this case.   If the parties to a contract adopt a provision which contravenes no principle of public policy and contains no element of ambiguity the courts have no right to relieve one of them from disadvantageous terms which he has actually made, by a process of interpretation.   It may be conceded that if a policy of insurance is of doubtful tenor the courts should employ that interpretation which is the more exacting

against the insurer who has prepared the contract. But if the contract is not of uncertain meaning, as has often been said, the courts may not make a new one under the guise of construction.

In this instance the insurer had a perfect right if it saw fit to require proof even of so-called evidentiary facts as an indispensable basis for recovery. The only inquiry can be whether the parties have assented to the incorporation in their agreement of a provision which clearly calls for such proofs of their alleged loss which the plaintiffs have not furnished. We think they have. We believe that the requirement that the violence and force employed in effecting a burglarious entry into premises must produce "visible marks upon the premises" thus entered is plain beyond the need of argument, and that it means that the force and violence in "making entry" must create visible traces upon the premises themselves which survive the act that produces them, and which being seen are evidence of a burglary; that it would be a distortion of the meaning of language to hold as argued that this provision is satisfied under the circumstances of this case by proof of acts performed by wrongdoers after entry in assaulting occupants and carrying away the contents of a building which leave no marks "upon" the premises, and which are only visible to one who happens to be watching at the instant they are performed.

Various decisions have been called to our attention as authorities opposed to the construction which we feel obliged to adopt. They are decisions relating to life or accident insurance policies, and while it will not be desirable to review all of them, I shall briefly call attention to some of those most relied on by respondents for the purpose of showing that they do not sustain their contention.

*Root* v. *London Guarantee & Accident Co.* (92 App. Div. 578) was an action to recover a death loss under an accident insurance policy excluding injuries "of which there was no physical mark on the body." The insured

received injuries which produced no immediate outward signs upon the surface of his person, but subsequently he developed a palor, emaciation and physical decay, and it was held, as it seems to me very reasonably, that these visible, external signs of the accident satisfied the requirement of the policy.

*Paul* v. *Travelers' Ins. Co.* (112 N. Y. 472) was an action to recover a death loss under an accident policy of insurance which provided for payment of a certain sum per week in case the insured was disabled from prosecuting his business, and also for the payment of a specified sum in case of death. The policy provided that the insurance should "not extend to any bodily injury of which there should be no external and visible sign upon the body of the insured." It was distinctly held in upholding a recovery for death that this proviso clearly had reference to a claim under the policy for a weekly indemnity and, therefore, of course it had no application to the action at bar.

*Menneiley* v. *Employers' Liability Assur. Corp.* (148 N. Y. 596) was a case involving facts largely similar to those in the one last referred to and the policy contained a provision that it did not " insure against death or disablement * * * from accidents that shall bear no external or visible marks." It will be noted that this requirement was not for external and visible marks on the body of the deceased, and the court after stating that it was somewhat difficult to understand precisely what was intended by the clause, adopted the view that it should be construed as requiring some external or visible evidence that the death or injury was accidental, and inasmuch as the facts appearing in that action amply satisfied this requirement a recovery was upheld.

I think the judgment must be reversed and a new trial granted, costs to abide event.

VANN, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur; CULLEN, Ch. J., and HAIGHT, J., dissent.

Judgment reversed, etc.