DANERHIRSCH et al. v. GREAT EASTERN CASUALTY CO.

(Supreme Court, Appellate Term, First Department.  October 17, 1916.)

1. INSURANCE ⊜635—ACTIONS—PLEADING—"EVIDENTIARY FACTS."

In an action on a policy insuring against loss from burglary "provided there shall be visible marks of force and violence in forcing entry or exit," insured must plead such marks, since facts essential to recovery are not "evidentiary facts," but must be pleaded.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1599–1602; Dec. Dig. ⊜635.

For other definitions, see Words and Phrases, Second Series, Evidentiary Fact.]

2. PLEADING ⊜11—"EVIDENTIARY FACTS."

"Evidentiary facts," the pleading of which is dispensed with, are not those essential to the existence of a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. ⊜11.]

Appeal from City Court of New York, Special Term.

Action by Joseph Danerhirsch and another against the Great Eastern Casualty Company.  From an order denying motion for judgment on the pleadings, defendant appeals.  Reversed, and motion granted.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Joseph L. Prager, of New York City, for appellant.

Strasbourger & Schallek, of New York City (Samuel Strasbourger and Max L. Schallek, both of New York City, of counsel), for respondents.

SHEARN, J.  [1, 2] This action is brought to recover under a policy insuring against loss from burglary in plaintiff's premises "provided there shall be visible marks upon the premises of force and violence in forcing entry or exit."  The complaint alleges that the premises were broken into and "burglarized," but fails to allege that there were any visible marks upon the premises of force and violence in forcing entry or exit, without proof of which there can be no recovery.  Rosenthal v. American Bonding Co., 207 N. Y. 162, 107 N. E. 716, 46 L. R. A. (N. S.) 561.  Therefore the complaint, to which the contract of insurance is annexed, fails to disclose a cause of action.  Facts which are absolutely essential to a recovery must be pleaded.  They are not included in the classification of "evidentiary facts" merely because they have to be proved.  "Evidentiary facts," the pleading of which is dispensed with, are not those essential to the existence of a cause of action.  It might as well be claimed that the allegation of a loss is evidentiary.

The order is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to the plaintiff to amend the complaint within six days on payment of costs.  All concur.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes