## GLOBE INDEMNITY CO. v. HEYMAN.

No. 20745. Opinion Filed Jan. 19, 1932.

Rehearing Denied April 19, 1932.

Rogers, Jones & Landa and R. V. Lewis (Philip N. Landa, on brief), for plaintiff in error.

Milsten & Milsten and J. D. Johnston, for defendant in error.

HEFNER, J. This is an action brought in the common pleas court of Tulsa county by L. W. Heyman against the Globe Indemnity Company to recover on a safe burglary insurance policy. The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff. Defendant appeals.

It is the contention of defendant that the evidence is insufficient to support the judgment, and that the trial court erred in overruling its motion for a directed verdict. The policy, in part, provides:

"Does Hereby Agree to Indemnify the person, firm or corporation named in statement No. 1 to the schedule, and hereinafter called the assured, subject to the agreements hereinafter contained:

- "For All Loss

"A. Of that property from within that part of any safe or vault described herein to which property and to which part of such safe or vault the insurance hereunder is made to attach by agreement No. 18 of the policy, occasioned by the felonious abstraction of such property from within such safe or vault while such safe or vault is duly closed and locked and located in the assured's premises as defined herein, or located elsewhere after removal therefrom by burglars, after entry into such safe or vault has been effected by force and violence by the use of tools, explosives, electricity, gas, or other chemicals, directly upon the exterior thereof, of which such force and violence there shall be visible marks. * * *"

It is further provided that:

"The company shall not be liable for any loss or damage: * * * b. effected by opening the door of any safe, chest, or vault by the use of a key or by the manipulation of any lock. * * *"

The evidence is undisputed that plaintiff's safe was burglarized during the night of the 10th day of March, 1928, and $1,543.20 taken therefrom. This, in itself, however, under the terms of the policy, is insufficient to authorize recovery. Before plaintiff can recover he must establish that the entry into the safe was effected by force and violence, by the use of tools, explosives, electricity, gas, or other chemicals, directly upon the exterior thereof, of which force and violence there must be visible marks. See Komroff v. Md. Cas. Co., 105 Conn. 402, 135 Atl. 388; Brunner Co. v. Fid. & Cas. Co., 101 Neb. 825, 166 N. W. 242; Frankel v. Mass. Bond. & Ins. Co. (Mo.) 177 S. W. 775; First Nat. Bank v. Md. Cas. Co., 162 Cal. 61, 121 P. 321; Blank v. Nat. Sur. Co. (Iowa) 165 N. W. 46; Rosenthal v. Am. Bond. Co. (N. Y.) 100 N. E. 716.

The question for our determination is, Was the evidence sufficient to take the case to the jury on this issue? Plaintiff offered evidence, in substance, as follows: At the close of business on the night of the burglary, he placed the money in his safe and securely locked it; the next morning the safe was open and the money gone; there was evidence of the burglarious entry into the building; a tire tool and hammer handle were found close to the safe; numerous dents appeared on the exterior of the safe several inches to the right of the dial, which dents were not on the safe before the burglary; the door was sprung and the handle bar which opened the safe was loose and the knob on the safe was knocked off and found lying on the floor. Expert evidence was offered which establishes that it was possible, after turning the dial to a certain position, to open the same by a blow thereon with a hammer or some other instrument, thus releasing the combination. While it is not free from doubt, we think this evidence was sufficient to take the case to the jury.

In the case of Fidelity & Casualty Co. of N. Y. v. First Bank of Fallis, 42 Okla. 662, 142 P. 312, the following rule is announced:

"In a suit on a contract of insurance against the burglary of a safe by the use of tools or explosives, where there is evidence that the safe was closed and locked with a time lock and combination, and that, while in such condition, it could not be opened except by the use of tools and explosives, and that next morning it was open before the time locks had run to a point permitting it to open, and the door could not be again closed without the use of emery and long and hard efforts, and that there were scratches or marks on the knob or dial of the safe, and that safes were sometimes opened by the use of blows from a heavy instrument, held, that such evidence was sufficient to justify the submission of the case to the jury as to whether the safe was opened by the use of tools or explosives."

In the case of Md. Cas. Co. v. Bank of Murdock (Neb.) 107 N. W. 562, the court said:

"There was some evidence indicating that it was possible to open the safe in controversy by striking the same with a heavy hammer or other instrument after changing it to a certain position, and this evidence was sufficient in our opinion to submit to the jury, and for this reason the court did not err in refusing to instruct the jury to return a verdict for defendant."

Under these authorities, there was no error in overruling defendant's motion for a directed verdict.

Some criticism is made by defendant to the court's instructions to the jury. We think no reversible error was committed by the court in this respect. The jury was advised that before plaintiff could recover it devolved upon him to prove by a preponderance of the evidence that a burglarious entry was made into plaintiff's safe in the manner as provided by the policy, and that such entry must have been evidenced by visible marks thereof on the exterior of the safe.

No other errors being assigned, the judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1) annotation in 54 A. L. R. 470; 14 R. C. L. 1270; R. C. L. Perm. Supp. p. 3803; R. C. L. Pocket Part, title Insurance, § 445.