PHILIP ROSENTHAL, Respondent, *v.* TRAVELERS INDEMNITY COMPANY, Appellant.

First Department, May 23, 1963.

*James J. Vaughn* of counsel (*Terhune, Gibbons & Mulvehill,* attorneys), for appellant.

*Robert F. Devine* for respondent.

*Per Curiam.* The question presented is whether the loss by burglary herein is within the scope of the coverage of the mercantile open stock policy issued by defendant to the plaintiff.

Defendant insurer agreed to pay for loss by burglary of merchandise within the premises of the plaintiff insured. The policy defines "premises" as "that portion of the building at the location designated in the declarations which is occupied by the insured as stated therein". It excludes from "premises" public entrances and halls. The policy also defines "burglary" as "the felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry".

Plaintiff occupied the fifth floor of the building located in the Borough of Manhattan at 213 West 35th Street. During the week end of July 4, 1958 plaintiff's loft was burglarized and various items of merchandise removed. Investigation disclosed that forcible entry had been made through a fire door on the street level and a rear window of one of the floors below the fifth; thereafter forced entry was made into a key cabinet in the superintendent's office on the sixth floor. Keys, including

that to plaintiff's loft, were removed. There was no evidence of forcible entry into the space occupied by the plaintiff.

Under the charge, duly excepted to, the jury was enabled to find that forcible entry within the meaning of the policy was made through the said fire door and window.

The requirement of visible evidence of forcible entry is too plain and unambiguous to be susceptible of interpretation. (*Rosenthal* v. *American Bonding Co. of Baltimore,* 207 N. Y. 162.) There was no evidence of forcible entry of the plaintiff's premises. (*Lee* v. *Preferred Acc. Ins. Co. of N. Y.,* 216 App. Div. 453, 461.) The forcible entry without plaintiff's loft was not a " felonious entry therein by actual force * * * as evidenced by visible marks * * * upon * * * the exterior of the premises " as required by the policy. Moreover, the passageway into which the forced fire door opened was expressly excluded from the covered premises by the terms of the policy. (*Union Ind. Co.* v. *Kleier Co.,* 34 F. 2d 738, 740.)

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, on the law, with costs to defendant-appellant, and the complaint dismissed.

McNALLY, J. P., STEVENS, EAGER, STEUER and BERGAN, JJ., concur.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed, on the law, with costs to defendant-appellant, and the complaint dismissed.