**MID-CONTINENT CASUALTY COMPANY,**
A Domestic Insurance Corporation,
Plaintiff in Error,

v.

**Ray P. GRIMES, d/b/a Antoinette Wig Studio, Defendant in Error.**

No. 42644.

Supreme Court of Oklahoma.
June 9, 1970.

Covington, Gibbon & Poe, Richard D. Gibbon and James E. Poe, Tulsa, for plaintiff in error.

John Harris, Tulsa, for defendant in error.

DAVISON, Justice.

This action was brought by Ray P. Grimes, d/b/a Antoinette Wig Studios, as plaintiff, against the Mid-Continent Casualty Company, a Domestic Corporation, as defendant, to recover an alleged burglary loss under a "Mercantile Open Stock Burglary Policy" issued to plaintiff by defendant. Trial by jury was waived and the cause tried to the court. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged that during a night, while the policy involved herein was in force and effect, unknown persons feloniously entered plaintiff's premises in Tulsa and removed merchandise of the stipulated value of $2099.25.

The pertinent part of the policy necessary for consideration under the facts in the present case was that defendant agreed:

"To pay loss of burglary * * * while the premises are not open for business, of merchandise, furniture, fixtures and equipment within the premises * * *."

And under conditions and definitions said policy further provided:

"The word 'burglary' means the felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry, * * *."

Defendant's answer denied that the loss was covered by the policy and denied that it was occasioned by the forcible entry as defined in the policy.

At the trial none of the witnesses personally testified but by stipulation it was agreed what their testimony would be if they were called to the witness stand. Certain pictures were taken of the building doors, windows and locks and were all admitted in evidence by stipulation.

Mrs. Grimes, wife of the plaintiff herein, would have testified that at 6:30 p. m. on the evening of the alleged burglary in closing the store she locked all of the doors and all other possible means of entry and double checked for security at that time. That there were no visible marks on the lock or door in question at that time.

That Mr. and Mrs. Grimes would further testify that "there was scratches in

the keyhole of the lock on the front door in question; that there was also some filings of aluminum type substance as seems to come from markings in the picture (exhibit)." They would also testify that there were some scratches underneath the bolt part of the lock or mechanism as well as markings on the bolt as shown on the pictures (plaintiff's exhibits 2 and 4). They would testify also that no other markings other than shown on the lock were contained on any other door, sill, window, or other possible openings of the insured's place of business.

Police Officer Bill Leitch, by stipulation, would have testified in part as follows: that he was called to the scene of the burglary by the victims (Mr. and Mrs. Grimes) and stated to him that an unknown person or persons entered the shop and removed the wigs; that the door was in an unlocked position, and further, after investigation, the officer stated that there were some small marks on the door and door facings around the lock area, and "that if the lock was pried on it didn't hurt it as it is still works." The officer further stated, "a small cabinet was pried open but nothing was taken from it. A lavender pill case was left behind by the intruders."

At the conclusion of plaintiff's testimony the defendant demurred to the testimony on the ground that the evidence was insufficient to establish a burglary under the terms of the policy. The court reserved ruling on the demurrer and defendant's evidence was offered by stipulation that Holder, a locksmith if called to testify, would testify that upon inspection of the front door of the place of business in question it was his opinion that the door was not opened by force and that "forcible entry would have necessitated major repairs to same."

Defendant also offered the testimony of Richard S. Clark, sales manager of a lock manufacturing company, under stipulation, that if called as a witness he would testify that "it would clearly indicate that if entry was gained through the door pictured, it was accomplished by use of a key or cylinder picking tool."

After the conclusion of the evidence both sides requested judgment in their favor. The trial court rendered judgment for the plaintiff in the amount of $2,099.-25, the amount of loss stipulated by the parties in the event judgment was rendered in favor of plaintiff. In deciding the case the court, after considering the provisions of the above quoted portions of the policy, made the following findings of fact:

"The court determines that is a question of fact, from all of the evidence, that the marks were evidence of entry by force whether the same were made with burglary tools, * * * and the court is aware that the insertion of a key is not burglary by force and that a key is not a burglary tool; the court finds that the marks on the door facing or lock area are evidence that someone had been attempting to manipulate the door and make entry. Entry in this case was made by force as defined by the policy, and that the marks were made by tools, and that the loss was within the terms of the insurance policy."

For reversal the defendant presents two propositions, both of which go to the questions of whether plaintiff could recover under the facts produced after consideration of the terms of the policy, and whether the trial court erred in failing to enter judgment for defendant at the close of all the testimony. These propositions will be considered together.

■ As a predicate to our opinion in the present case we point out that a long line of decisions in this jurisdiction hold that in a jury waived action of legal cognizance, the judgment will not be disturbed, in absence of legal errors, if there is any competent evidence tending to support the trial court's decision. Lowe v. Hickory, 176 Okl. 426, 55 P.2d 769; Young v. Seely, Okl., 366 P.2d 951.

The defendant cites the case of Landy v. First National Bank & Trust Co., Okl., 368 P.2d 987, holding that where a cause is

**1006** ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

submitted upon an agreed stipulation of facts it is the duty of this court on appeal to apply the law to such facts as a court of first instance and direct judgment accordingly. We find no fault with the holding in that case. However, the cited case is distinguishable from the present case. Here we do not have a stipulation of facts but only stipulations as to what the witnesses would testify to if placed on the stand. The stipulation also provided for the introduction of exhibits.

We are of the opinion that plaintiff's exhibit 2 (picture) shows that the upper side of the lock shows a dent on the lock which appears to have been made by a hammer or tool of some sort. The evidence discloses that this dent was not present when the store was closed on the evening immediately prior to the alleged burglary. The trial court was evidently of the opinion that this evidence indicated that some force was used in opening the lock.

▪▪▪ Defendant cites the case of Rosenthal v. American Bonding Co. of Baltimore, 207 N.Y. 162, 100 N.E. 716, as being in point for the defense. We find that the cited case is distinguishable from the present case in that under a policy similar to the one here involved judgment for plaintiff was denied because the policy did not cover a case of entry and exit by opening an unlocked door.

Also the case of Inglis v. General Casualty Company of America, 211 Or. 116, 316 P.2d 546, cited by defendant is distinguishable from the present case. There the policy required visible evidence by force on exterior doors or outer walls of a safe before a recovery for loss of burglary could be obtained. In that case there was no evidence of any marks being made on the exterior of the safe.

We find and hold that the judgment of the trial court was supported by some competent evidence.

Judgment affirmed.

All Justices concur.