Robert O. HINKLE, Plaintiff in Error,

v.

Marcus L. HAMPTON, Defendant in Error.

No. 43328.

Supreme Court of Oklahoma.

Feb. 15, 1972.

Rehearing Denied April 4, 1972.

Jack I. Gaither, Tulsa, for plaintiff in error.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for defendant in error.

DAVISON, Vice Chief Justice.

In his petition plaintiff, a physician, stated that his wife, Evelyn, on or about the 19th day of May, 1963, while riding as a guest passenger in his car, was injured in an automobile collision as a result of the negligence of defendant. Plaintiff prayed for $1,100.00 as damages to his car, $4,620.55 for medical expenses incurred for the treatment of his wife, and $4,000.00 for loss of services and consortium of his wife.

The parties will be referred to hereinafter as they appeared in the trial court.

■ The only issue necessary for decision is whether the award of damages of $272.10, is supported by substantial evidence. We are of the opinion and hold that the judgment of the trial court is amply supported by the record.

The parties entered into a written stipulation whereby the cause was submitted to the court for decision upon the transcript of trial proceedings in the previously tried case in the U. S. District Court, styled Evelyn Hinkle v. Hampton. The stipulation further provided that plaintiff's medical bills would be admitted without further identification or qualification and if witnesses were called they would testify that such bills represented reasonable charges for the treatment, care, hospitalization and surgery of plaintiff's wife. Defendant agreed that the witnesses would so testify if called, but the truthfulness was not agreed to by defendant. The stipulation further provided that the recovery for damages to plaintiff's car was limited to $100.00, being the deductible portion of said damage borne by plaintiff.

It is essential to relate some of the history pertaining to the health of plaintiff's wife prior to the accident here involved (1963). She had a colostomy operation at the Mayo's Clinic in 1957, and a corrective uterine suspension operation at the Osteopathic Hospital in Tulsa in 1958. In May 1962, she was injured in an automobile accident which accident is hereinafter referred to.

Mrs. Hinkle testified that due to the previous accident in 1962, she received an injury to her chest, a skinned elbow and shin, and cut on her head but she got over those injuries; that she had no difficulty of "any consequence" with her colostomy and had no "residual effects" from the 1962 injury. This testimony is somewhat in conflict with the physicians who administered to her after the 1962 injury.

The May 1962 accident was settled in October 1962, by Mid-Continent Casualty Company, whose insured caused said accident, by taking a release from Evelyn Hinkle and her husband (plaintiff herein) upon the payment to them of the sum of $3375.00. In completing this settlement Mr. Allred, Vice President and General Counsel for the insurance company testified that of the above amount the sum of $650.00 was fixed by him as the total damage done to the 1955 Chrysler car of the Hinkles, and the balance was payment for the outgrowth of the injuries received by Mrs. Hinkle.

Leading up to and influencing the consummation of the above settlement were certain letters written by various physicians who attended Mrs. Hinkle subsequent to the 1962 injuries, addressed to the Mid-Continent Casualty Company.

One of the letters above referred to written by Dr. C. D., as part of the evidence herein, and referring to the 1962 injury, states:

" * * * At the time of the accident, she sustained a laceration on the forehead and an abrasion on the interior surface of the lower left leg. Since the accident Mrs. Hinkle has noticed a progressive hearing loss, that audiometrically was demonstrated to be a 38% loss.

"In addition to the above problem, Mrs. Hinkle, who has had a functioning ileostomy for some time, noted the development of a severe diarrhea to the extent she has been confined to her home, *because of the constant ileostomy care required*. She has been extremely nervous since the accident, because of her hearing loss and the additional annoyance of her diarrhea. (emphasis ours)

"It is my feeling that her diarrhea is indirectly attributable to her involvement in the automobile accident."

Another of the above referred to letters written by Dr. C. D. J. substantially corroborates the statements contained in the letter of Dr. C. D. Additionally, this doctor's statement states that Mrs. Hinkle has lost 26 pounds since the 1962 injury.

Dr. J. L. R. testified for defendant that he did not think that the diarrhea was related to the 1963 accident and that in his opinion there was no connection between this accident and any of her female difficulties.

■ In regard to plaintiff's requested recovery for loss of consortium and services of his wife we find the evidence to be insufficient to support an award therefor. True, Mrs. Hinkle testified concerning changes in her sexual abilities subsequent to the wreck and a general reference to her inability to perform certain other activities. But such evidence never ripened into a compensable basis for a recovery by plaintiff because it remained unnourished by evidence concerning what plaintiff himself lost in the way of consortium. Plaintiff did not testify in the case at all and there is no other evidence as to what the extent of such loss to him was, if any.

Plaintiff prayed for judgment of $4620.55 for doctors, hospital bills, x-rays, hospital visits between the dates of the accident (May 19, 1963) through February 1967.

Apparently the trial court's judgment of $272.10 included the $100.00 deductible for damages on the car plus the additional amount of $172.10, which apparently included hospital visits by Dr. T of $42.50 from May 19, 1963, the date of the accident, until her release from the hospital, $99.60 for hospital charges during the three days she spent in the hospital immediately following the accident, plus $30.00 for x-rays of Mrs. Hinkle during her three day stay in the hospital.

It is apparent that in the judgment of the trial court only the amount of $272.10 was due to the injury of 1963, and that the balance of the bills were attributable to Mrs. Hinkle's previous physical disabilities.

In a jury action of legal cognizance, judgment will not be disturbed in absence of legal errors, if there is any competent evidence tending to support the trial court's decision. Walker v. Duncan, Okl., 469 P.2d 647; Mid-Continent Casualty Company v. Grimes, Okl., 470 P.2d 1003.

The judgment of the trial court is affirmed.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER and BARNES, JJ., concur.