**Application of Henry John KUNNEMAN, Jr., for Restoration of His Driver's License.**

**No. 44689.**

Court of Appeals of Oklahoma,
Division No. 1.

July 18, 1972.

Released by the Supreme Court for Official
Publication Sept. 25, 1972.

Shutler, Baker, Simpson & Logsdon, Kingfisher, for appellant.

Larry L. Bays, Alva, W. Roger Webb, Oklahoma Dept. of Public Safety, Oklahoma City, for appellee.

BOX, Judge.

This appeal is from the Order of the District Court of Kingfisher County, Oklahoma, sustaining an Order of Revocation of the Department of Public Safety of the State of Oklahoma, which revoked the driving privileges of the appellant, Henry John Kunneman, Jr., under the authority of 47 O.S.Supp.1970, § 753.

The facts of the case are: On September 17, 1970, appellant was traveling north on U.S. Highway 81 from Okarche, Oklahoma, to Kingfisher, Oklahoma, in Kingfisher County, and was apprehended by the city police of Kingfisher, Oklahoma, for the charge of driving while under the influence of intoxicating beverages. Appellant was arrested by Officer David Rollins and asked if he would submit to a breathalizer test, to which request the appellant answered in the affirmative. The appellant was then taken to the Sheriff's Office in Kingfisher, Oklahoma, where Oklahoma Highway Patrol Trooper Frank Ward was called to administer the breathalizer test. Trooper Ward testified that he asked the appellant if he would submit to the breath-

alizer test, and appellant again responded in the affirmative. Trooper Ward further testified that after he properly set the breathalizer machine up for the appellant, he requested the appellant to blow into the mouthpiece, but appellant sucked on the mouthpiece instead of blowing. Trooper Ward testified that he repeated this request four or five times and each time appellant sucked on the mouthpiece instead of blowing. Thereafter, he concluded that the appellant refused to take the test.

The appellant testified that Trooper Ward instructed him to put his mouth on the mouthpiece until the light went out; and that he complied, but did not blow very hard and the light did not go out. He further testified that Trooper Ward put a new mouthpiece on the breathalizer and instructed him to put his mouth on the mouthpiece until the light went out; and that he complied, but the light still did not go out and he was then taken to jail.

The Department of Public Safety, upon receipt of the sworn statement from the arresting officer that the appellant had failed to submit to the breathalizer, sent appellant an Order of Revocation effective October 2, 1970. From this Order, the appellant requested a hearing before the Department of Public Safety. A hearing was held and the hearing officer sustained the Order of Revocation. The appellant then appealed this decision to the District Court of Kingfisher County, where the trial judge sustained the hearing examiner's findings.

The appellant appealed alleging two assignments of error.

"1. There was no evidence of a refusal by the applicant to submit to the test as requested.

"2. Error of the trial court in admitting irrelevant, inadmissible and prejudicial matter."

Under appellant's first assignment, he contends that under the above facts there was no evidence of a refusal to submit to the breathalizer test. We find no Oklahoma cases dealing with this subject, but in the case of Campbell v. Superior Court In and For Maricopa County, 106 Ariz. 542, 479 P.2d 685 (1971), the Arizona court in dealing with a similar issue, stated at page 696 of the opinion:

"We must next determine what constitutes a refusal to submit to a chemical test under the Implied Consent Law. In Finley v. Orr, 262 Cal.App.2d 656, 69 Cal.Rptr. 137 (1968) the court found that oral consent may be revoked by non-verbal refusal. In Finley the driver orally agreed to submit to a breathalyzer test; however, he would not blow into the mouthpiece even though he was given four or five opportunities to do so. The officer concluded that the driver refused to submit to the test and the court upheld this as a non-verbal refusal. It is the opinion of this court that a refusal to submit to the test occurs where the conduct of the arrested motorist is such that a reasonable person in the officer's position would be justified in believing that such motorist was capable of refusal and manifested an unwillingness to submit to the test. See State v. Hurbean, 23 Ohio App.2d 119, 261 N.E.2d 290, 297 (1970)."

█ We therefore hold that even though one charged with the crime of driving while under the influence of intoxicating beverages and orally states he will submit to a breathalizer test, but refuses to blow his breath into the machine is a non-verbal refusal.

In the case of Mid-Continent Casualty Company v. Grimes, 470 P.2d 1003, at page 1005 (Okl.1970), the Supreme Court of Oklahoma stated:

"As a predicate to our opinion in the present case we point out that a long line of decisions in this jurisdiction hold that in a jury waived action of legal cognizance, the judgment will not be disturbed, in absence of legal errors, if there is any competent evidence tending to support the trial court's decision."

█ We find there was sufficient competent evidence for the trial court to base

its decision on finding that the appellant refused the breathalizer test.

■ Appellant further states that as he asked for another opportunity to have the test administered at the time he was placed in the jail cell, that if there was a prior refusal, at this point there was an offer to submit to the test. The record reveals the following testimony by Trooper Ward:

"He did say as we were locking him in the cell he would take the test then, but prior to that we'd tried the five times and I didn't feel like he would then."

We believe the trooper had sufficient grounds to refuse to return appellant to the breathalizer machine as he had refused to submit to the test in the first instance. We therefore find no merit in this argument.

■ Under appellant's second assignment, he contends that the admission into evidence that he vomited after being returned to the jail cell was irrelevant and prejudicial and therefore inadmissible.

47 O.S.Supp.1970, § 754, states the issue to be determined at the hearing before the Department of Public Safety.

*    *    *    *    *    *

"The hearing shall be transcribed and its scope shall cover the issues of whether the person had been driving or was in actual physical control of a vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, *whether the person was placed under arrest and whether he refused to submit to the test or tests*. Whether the person was informed that his privilege to drive would be revoked or denied if he refused to submit to the test or tests shall not be at issue. *    *    * "

47 O.S.Supp.1970, § 755 cites 47 O.S.Supp.1970, § 6–211, as the procedure to be followed in an appeal to the district court. 47 O.S.Supp.1970, § 6–211 states in part:

"(e) Upon said hearing said court shall take testimony and examine into the facts and circumstances, including all of the records on file in the office of the Department of Public Safety relative to the offenses committed and the driving record of said licensee, and determine from said facts, circumstances and records whether the petitioner is entitled to a license or shall be subject to the order of denial, cancellation, suspension or revocation issued by the Department. *    *    * "

From a thorough review of the record, we find no error as contended by appellant in the second assignment of error.

Judgment of the District Court of Kingfisher County, Oklahoma, sustaining the Department of Public Safety's order revoking appellant's driving privilege is sustained.

Affirmed.

ROMANG, P. J., and BAILEY, J., concur.