SPENGE, INC., Appellant, v AETNA INSURANCE COMPANY, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff corporation, a grocery store operator, appeals from a dismissal after trial of its complaint in which it seeks recovery of approximately $20,000 under a burglary insurance policy for merchandise losses. On May 17, 1973 an employee of one of plaintiff's suppliers was apprehended by police inside the store, unlawfully removing a box containing several cartons of cigarettes. The box was presumably recovered. The store had been experiencing unexplained inventory shortages for several months. On the night in question, the supplier's employee entered the building (actually a locked storage area used for deliveries) with a key which he had been given. He then went from the storage area into the store proper by loosening the bolt at the top of the door between the storage area and the store with a knife. There were cuts or serrations on this bolt apparently made by the knife, later found nearby. The court's dismissal was on two grounds: (1) that the evidence was insufficient to establish how the plaintiff's inventory losses had occurred or to tie the losses to a burglary; and (2) that, in any event, the attempted theft of the cigarettes by the employee did not satisfy the definition of burglary contained in the insurance policy. We affirm on both grounds. At most, there was evidence of one alleged burglary—the one on May 17, 1973—involving a few cartons of cigarettes which presumably were recovered. The other $20,000 in inventory losses could have resulted from any number of causes other than burglary. The court properly dismissed for failure of proof. Nor did the occurrence of May 17, 1973 fit the policy definition of burglary. Burglary is defined in the policy as: "the felonious abstraction of insured property (1) from within the premises by a person *making felonious entry therein by actual force and violence,* of which force and violence there are *visible marks* made by tools, explosives, electricity or chemicals upon, or physical damage *to the exterior of the premises at the place of such entry,* or * * * (3) from within the premises by a person *making felonious exit therefrom by actual force and violence* as evidence by *visible marks* made by tools, explosives, electricity or chemicals upon, or physical damage *to the interior of the premises at the place of such exit."* (Emphasis supplied.) Burglary as so defined requires a felonious entry into the premises by actual

force or violence, which entry leaves visible marks on the exterior of the premises at the place of such entry, or a felonious exit from the premises by actual force and violence, which leaves visible marks to the interior of the premises at the place of such exit. The term "premises" is defined in the policy as the "interior of that portion of the building * * * occupied by the insured." Here, the insured occupied the entire floor of the building, including the storage room. Thus, the storage room was within the "premises" as that term is defined in the policy. There was no felonious entrance to the premises by actual force because the thief entered with a key, and the visible marks were not on the exterior of the premises, but on an interior door. Nor was there a felonious exit from the premises by actual force as the thief did not break out, but was conducted from the premises by the police. There is no ambiguity in the insurance contract and no reason that it should not be enforced in accordance with its terms (see *Rosenthal v American Bonding Co. of Baltimore,* 207 NY 162; *Schwartz v Fidelity & Cas. Co. of N. Y.,* 120 Misc 323; *United Sponging Co. v Preferred Acc. Ins. Co. of N. Y.,* 97 Misc 396). (Appeal from judgment of Monroe Supreme Court— burglary insurance policy.) Present—Cardamone, J. P., Simons, Hancock, Denman and Witmer, JJ.