■ PRINCE CHECK CASHING CORP., Appellant, v FEDERAL INSURANCE COMPANY et al., Respondents.—In an action to recover under the terms of an insurance contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (DiTucci, J.), dated April 18, 1990, as, upon renewal, adhered to its original determination dated November 6, 1989, granting the motion of the defendant Federal Insurance Company for summary judgment dismissing the first, second and third causes of action asserted in the amended complaint with prejudice, and denied its cross motion to dismiss the defendants' affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff herein was issued a policy of insurance by the defendant Federal Insurance Company (hereinafter Federal) which provided coverage for payments for a "safe burglary" defined as: "the felonious abstraction of insured property from within a vault or safe located within the Premises by a person making felonious entry into such vault or safe and any vault containing the safe, when all doors thereof are duly closed and locked by at least one combination lock, provided that such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, electricity, gas or other chemicals upon the interior of (1) a

door or doors of such vault or safe and any vault containing the safe, if entry is made through such doors, or (2) the top, bottom or walls of such vault or safe and any vault containing the safe through which entry is made, if not made through such doors".

On August 6, 1985, while the policy of insurance was in effect, the plaintiff was burglarized. A large safe showed signs of being tampered with but nothing was stolen therefrom. However, $134,093.40 was removed from a small safe which showed no signs of forced entry, either on its exterior or interior. Based on the lack of visible marks of forced entry on this small safe, Federal disclaimed liability for the loss.

It is well established that an insurer may require signs of visible force in a policy of insurance for burglary *(see, Rosenthal v American Bonding Co.,* 207 NY 162; *Spenge, Inc. v Aetna Ins. Co.,* 58 AD2d 1026; *Lee v Preferred Acc. Ins. Co.,* 216 App Div 453). In this case, the clause in the insurance policy requiring evidence of physical force is clear and unambiguous. There is no reason why it should not be enforced according to its terms. As it is undisputed that there were no signs of forced entry either on the exterior or the interior of the small safe, summary judgment was properly granted to Federal since, as a matter of law, it could not be held liable to the plaintiff for the loss. Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.